ALBERT L. MANNING *vs*. WILLIAM H. SHERMAN.

Hancock.   Opinion March 31, 1913.

*Accident.   Agent.   Condition.   Contributory Negligence.   Contract.*
*Defective.   Invitation.   Injuries.   Knowledge.   Lessee.   Lessor.*
*Negligence.   Occupancy.   Premises.   Proximate Cause.*
*Reasonable Care.   Scope of Agency.*

On November 13, 1911, the plaintiff was injured while in the Rodick Block,
so called, in Bar Harbor.   The defendant was lessee of said premises and
had full charge and control thereof.   In an action of tort against the
defendant, *Held:*

1.  That it was the duty of the defendant to use reasonable and ordinary
care in keeping the premises safe for the access of all persons who might
have occasion to come upon them by his invitation, either express or
implied, in providing a safe and suitable entrance to the stores and offices,
and in having the approaches thereto so constructed and maintained that
visitors would not be liable to step into dangerous pitfalls by means of
misleading doors and deceptive landings.

2.  That the leaving of the cellar door unlocked was the proximate cause of
the injury, and for that the defendant was not legally responsible.

3.  That an owner of premises, which are not in a defective or dangerous
condition, is not liable for injuries caused by acts of third persons, which
were unauthorized or which he had no reason to anticipate, and of which
he had no knowledge.

On report.   Judgment for defendant.

This is an action on the case to recover damages for personal
injuries sustained by reason of the negligence of the defendant.
The plaintiff, on the 13th day of November, 1911, while in the
Rodick Block, so called, in Bar Harbor, for the purpose of transact-
ing some business opened an unlocked door at the end of a recess
in the building and walked into a floorless area, and fell into the
cellar sustaining the injuries complained of.   At the conclusion of
the evidence, by agreement of the parties and the consent of the
court, the case was reported to the Law Court on so much of the
evidence as is legally admissible, the Law Court to determine all

questions of law and fact, and, if it finds the plaintiff entitled to recover, to assess the damages.

The case is stated in the opinion.

*Edward S. Clark*, for plaintiff.

*H. L. Graham, and Peters & Knowlton*, for defendant.

SITTING: WHITEHOUSE, C. J., SAVAGE, CORNISH, KING, BIRD, HANSON, JJ.

CORNISH, J.   On November 13, 1911, the plaintiff was injured while in the Rodick block, so called, in Bar Harbor, of which the defendant was lessee under a fifteen-year lease, dated March 1, 1907.   It is conceded that, as lessee, the defendant had full charge and control of the premises and stood in the place of the lessor, the owner.

The plaintiff on the day in question had stepped from the sidewalk on Cottage Street into the open recess in the building from which on the right was an entrance into the store occupied by Walls and Brewer, and on the left an entrance into the fire insurance agency of Frank E. Walls & Co.   This recess, or hallway, was five feet and one-half wide at the street, seven feet four inches long, and a little over three feet wide at the inner end.   At this narrow inner end was a door opening into a cellarway eight feet deep, without stairs, an open area.   This door was equipped with a Yale lock, and was intended and supposed to be kept locked at all times, but was unlocked at the time of the accident.   The building had been reconstructed by the defendant during the season of 1911 and the recess, as well as the doors leading therefrom, had been changed.

On the day in question, the plaintiff entered the building for the purpose of transacting some business in the fire insurance office. Instead of opening the door at the left, as he should, he pushed the unlocked door at the end and, stepping into the floorless area, fell into the cellar beneath and sustained serious injuries, to recover for which this action was brought.

It is not seriously contended that the leaving of this cellar door unlocked was not a negligent act.   That was the proximate cause of the accident; and the single question that needs to be considered

is, whether, under the evidence in this case, the defendant was legally liable therefor.

It is the opinion of the court that he was not.

The facts connected with the unlocked cellar door are these:

When the defendant reconstructed the Rodick building, he left the cellarway incomplete, and nonusable, until such time as he might put in a cement floor and a heating plant. He therefore had a door constructed without any latch or knob on the outside, but with a Yale lock, which on the completion of the work was securely locked and remained so until about the time of the plaintiff's accident. The defendant did not himself occupy any portion of the Rodick block, but had a store in an adjoining building. This Yale lock had two keys, and the defendant, when the work was finished about June 15, 1911, took them and placed them in the drawer of the cash register in his own store, where they remained until within a week of this accident.

About a week previous to this accident, Mr. Brewer of the firm of Walls & Brewer, one of the tenants of the Rodick block, having occasion to have some plumbing done in the cellar, went to Miss Paine, a clerk in the defendant's store and asked for the key to the cellar door. She took it from the cash register and gave it to him. He carried it to Mr. Carter, the plumber who had charge of the work and whose two employees actually did the work. One of the three plumbers unlocked the door, put down some sort of a ladder, and a portion of the work was done within a day or two. Then, on the day of the accident, one of the plumbers returned to complete the job, and opened the door again, the key having in the meantime remained in the possession of the plumbers, went down into the cellar, neglected to lock the door behind him, although he says he thought he had fastened it, and while there for a short time, this accident happened.

Under these facts, we fail to see in what respect the defendant was negligent.

He was responsible only for neglect of duty, and that duty was to use reasonable and ordinary care in keeping the premises safe for the access of all persons who might have occasion to come upon them by his invitation, either express or implied, in providing a safe

and suitable entrance to the stores and offices and in having the approaches thereto so constructed and maintained that visitors would not be liable to step into dangerous pitfalls by reason of misleading doors and deceptive landings. *Foren* v. *Rodick,* 90 Maine, 276.

This measure of duty the defendant fully met. He had constructed a proper door to this open area, had securely locked it and had taken the key into his own possession and deposited it in a place of safe keeping. Up to this point surely, no negligence could be attributed to him. He had done all that reason or the law could require of him, and at this point the defendant's connection with the transaction ceased. Of the subsequent steps he had no knowledge whatever. Nor had he any reason to anticipate them. The work to be done was not for him, and he had no knowledge that Brewer contemplated doing it. He did not know that the key had been taken away and given to Brewer or to the plumbers until after the accident. He continued to believe and had reason to believe that the door remained as he had left it, securely fastened. He had given to Miss Paine no authority or permission to deliver the key to Brewer, or to any one else, and no such authority could be implied from the nature of her employment. She was simply a sales-clerk in the defendant's store. She did not even have charge of the books. She had no more to do with the key to the Rodick block than to the key to her employer's house or garage. In delivering the key to Brewer, without authority from the defendant, she was entirely outside the scope of her employment or agency. Her act was not the defendant's act; and the law does not hold one responsible for the unauthorized acts of third persons who stand in no relation of agency to him.

This principle is well stated in these words: "When the injury is the result solely of the negligent act of a third person, who does not stand in such a relation to the defendant as to render the doctrine of respondeat superior applicable, no liability attaches to defendant. The fact that the negligent act which caused the injury was done on a person's land or property will not render him liable, where he had no control over the persons committing such act, and the act was not committed on his account, nor where the third per-

son, whose negligence caused the injury, assumes control of the owner's property without authority. An owner or occupant of premises, not in a defective or dangerous condition, is not liable for injuries caused by acts of third persons, which were unauthorized, or which he had no reason to anticipate and of which he had no knowledge." Cyc., Vol. 29, pp. 477-8.

See also *Clapp* v. *LaGrill,* 103 Tenn., 164, 52 S. W., 134; *Mahoney* v. *Libbey,* 123 Mass., 20.

In *Handyside* v. *Powers,* 145 Mass., 123, the plaintiff was injured by falling down an elevator well. The door to the well had been provided with a lock, had been locked and the key deposited in the defendant's office. There was evidence that a key had been obtained by the plaintiff's employer and used, but without the knowledge or consent of the defendant or his agent. In sustaining a verdict which had been ordered for the defendant by the presiding Justice, the court say:

"The door to the elevator had been provided with a lock, had been locked, and the key deposited in the defendant's office. This was the only key known by the defendant or his agent to exist, and it was found in its place in the defendant's office after the accident. There was evidence that a key had been procured by King and used, but without the consent or knowledge of the defendant or his agent, and that the neglect of King in unlocking the door and in leaving it unlocked had been the cause of the injury. But the act of King in obtaining a key without the knowledge of the defendant, and his subsequent carelessness, cannot be attributed to the defendant."

This case is directly in point, because in principle the defendant was no more liable for the use of the key procured from Miss Paine than for the use of one procured from any other third party.

The chain of causal connection was broken, the act of one or more third parties intervened, *Maddox* v. *Brown,* 71 Maine, 432; and without considering the question of contributory negligence which was argued by counsel, it is sufficient for the purposes of this case to hold, as we must, that no liability attached to the defendant.

*Judgment for defendant.*