LEONARD *v.* STANDARD LUMBER COMPANY.

4-5170                                                120 S. W. 2d 5.

Opinion delivered October 3, 1938.

E. W. Brockman, T. S. Lovett, Jr., and A. J. Johnson, for appellant.

Reinberger & Reinberger and E. D. Dupree, Jr., for appellee.

McHaney, J. Appellant brought this action against appellee to recover damages for personal injuries sustained by him while delivering a truck load of lumber to it at its lumber yard in Pine Bluff. Appellee operates a large lumber yard and mill plant in Pine Bluff. It purchases lumber from various other manufacturers, one of which was the Star City Lumber Company. Appellant was an employee of the Star City Lumber Company, and on May 21, 1936, delivered to appellee a truck load of its lumber at its lumber yard in Pine Bluff. Appellee maintained a platform and shed on the north side of East Fifth Avenue in Pine Bluff, and a driveway about 18 feet wide and approximately 60 feet long was maintained so that lumber haulers might drive their trucks onto said driveway and unload onto a platform which extended the full length of the driveway on each side, the north end of the driveway being enclosed by a continuation of the platform on each side of the driveway, which necessitated the trucks being backed out on Fifth Avenue after being unloaded. Appellee kept an agent in charge of said platform who directed truck drivers where to place the lumber they were delivering. The only control this agent had over the truck drivers was to direct them where to unload the lumber, and that it should be stacked straight and in good shape in order to expedite checking and re-handling it. On the date aforesaid, appellant arrived with a truck load of lumber which appellee had purchased from the Star City Lumber Company, and appellee's agent directed him to drive

in on the left side and to unload the lumber on the west platform, which was about fifteen inches high. When he was nearly unloaded, another truck driver, one Tom Johnson, drove in with a load of lumber from the Hartsell Lumber Company. Johnson entered the driveway and parked his truck opposite that of appellant, and began to unload his lumber on the east side of the driveway. Under this situation, the left side of Johnson's load of lumber was within about three feet of the right side of appellant's truck. The lumber on Johnson's truck was stacked about 32 inches high and about 15 inches above the top of the front standard. Johnson unloaded from the right side instead of taking the lumber piece by piece from across the top of his load. It appears that the front bolster of the Johnson truck had from an inch and a half to four inches play which allowed the load to tilt or turn to the left side, after a portion of the lumber had been removed from the right side of the truck. When appellant finished unloading his truck, he went to the rear and pulled the standard from the cup to place it in a box used for that purpose to prevent losing it while driving empty. While removing the standard, with his back to Johnson's truck, the lumber fell from the left side of Johnson's truck, struck appellant and broke both bones in his lower left leg. He suffered much pain and inconvenience and was forced to expend large sums for drugs, medical attention and hospital accommodations.

At the conclusion of the testimony on behalf of appellant, the court instructed a verdict for appellee over appellant's objections and exceptions. The case is here on appeal.

For a reversal of the judgment against him, appellant contends that a jury question was made by the testimony, and that the court erred in directing a verdict against him. He cites and relies upon the case of *Alfrey Heading Company* v. *Nichols*, 139 Ark. 462, 215 S. W. 712, where it was held that, to quote a syllabus: "The owner or occupant of land is liable in damages to those coming on to it, they using due care, at his invitation or inducement, express or implied, on any business to be

transacted or permitted by him, for an injury occasioned by the unsafe condition of the land, or of the access to it, which is known to him and not to them, and which he has negligently suffered to exist, and has given no notice of.'' Several other cases are cited to the same effect, all of which announce correct principles of law applicable to the facts therein stated, but not applicable here. Appellant was not injured by reason of any unsafe condition of the driveway, it not being contended that the driveway was unsafe. The only unsafe condition that existed, according to the evidence, was the play or looseness in the front bolster on the Johnson truck, which of itself, would not have caused the injury to appellant, except for the manner in which Johnson unloaded his truck, removing it from the right side instead of taking it plank by plank across the top so as to leave the load evenly distributed on the front bolster. But appellant contends that the placing of Johnson's truck immediately by the side of Leonard's and within two or three feet of it, rendered the driveway hazardous. Also, the unloading of the Johnson truck under the supervision of appellee's agent was negligence, and the condition of the Johnson truck is relied upon. The undisputed proof shows that appellee's agent did not exercise any control over the manner of the unloading of the trucks by the truck drivers, but only directed that the lumber be stacked orderly on the platform after it was taken from the truck, and where it should be stacked. There is no evidence that appellee's agent knew anything about the condition of Johnson's truck and the placing of Johnson's truck in close proximity to that of appellant was as observable to appellant as it was to appellee's agent. Even if appellee's agent had known of the defective condition of Johnson's truck, it could not change the situation for neither Johnson nor appellant were employees of appellee, and no relationship existed that would authorize the application of the doctrine of *respondeat superior*. As before stated, Johnson was employed by the Hartsell Lumber Company to haul and deliver its lumber to appellee, and appellant was employed by the Star City Lumber Company to haul and deliver its lumber to appellee.

We think the case is controlled by the principle announced in *Willoughby* v. *Hot Springs Ice Company,* 180 Ark. 231, 21 S. W. 2d 168, where it was held, to quote a syllabus, that: "An ice company is not liable for the killing of a customer waiting for ice, who was struck by a truck negligently backed against him by one over whom the ice company had no control, and where there was nothing to show that the ice company's employees should have anticipated the danger." In that case, we quoted from *Manning* v. *Sherman,* 110 Me. 332, 86 Atl. 245, 46 L. R. A., N. S. 126, Ann. Cas. 1914D, 89, as follows: "When the injury is the result solely of the negligent act of a third person, who does not stand in such a relation to the defendant as to render the doctrine of *respondeat superior* applicable, no liability attaches to defendant. The fact that the negligent act which caused the injury was done on a person's land or property will not render him liable, where he had no control over the persons committing such act, and the act was not committed on his account, nor where the third person, whose negligence caused the injury, assumes control of the owner's property without authority. An owner or occupant of premises, not in a defective or dangerous condition, is not liable for injuries caused by acts of third persons, which were unauthorized, or which he had no reason to anticipate, and of which he had no knowledge."

Conceding that Johnson was negligent in parking too close to appellant, and in driving a truck with a defective bolster, and in the manner of unloading the truck, still he was not an employee of appellee, and the doctrine of *respondeat superior* has no application to it, and there is nothing in the testimony to support the finding that appellee knew or should have known that the safety of appellant would be imperiled on account of the negligence of Johnson, which was the sole cause of the injury.

The court correctly directed a verdict in favor of appellee, and the judgment is accordingly affirmed.