MAGNOLIA PETROLEUM COMPANY *v.* MELVILLE.

4-6324                                    150 S. W. 2d 220

Opinion delivered April 28, 1941.

*Yingling & Yingling* and *Cockrill, Armistead & Rector,* for appellant.

*Taylor & Roth, C. M. Erwin* and *H. U. Williamson,* for appellee.

HUMPHREYS, J. This suit was brought in the circuit court of White county by appellee against appellant to recover damages for personal injuries received by him in falling over the handle of a jack being used to raise the back end of an automobile, which handle extended across a sidewalk he was rightfully using.

The gist of the allegations of the complaint are that appellant owned a filling station at the corner of Walnut and Second streets in Newport, which was in charge of its agent, Tom Hutson, and appellee was seriously and permanently injured; that on August 20, 1938, appellee was walking along the sidewalk on Second street, in Newport, and while passing the front of the Magnolia filling

station on said sidewalk and street, stepped against the handle of a certain large and heavy jack used to raise and jack up cars to repair them and change tires, and was thereby caused to stumble and fall violently to the ground; that appellee was walking along said sidewalk in his usual and customary manner of walking, when his attention was directed across the street by the noise of a line of automobiles and trucks where cars were being inspected and tested at the police station, and when he thus glanced in that direction, he hit said jack handle and fell; that two negroes were working at the station doing general repair work on automobiles for the public, by contract and agreement with Tom Hutson, the duly authorized agent of appellant, with authority to operate and control said filling station and the premises around same for said appellant in all of the operations of said station and grounds in his charge as such agent, and said negroes were working at the instance and with the knowledge, consent and permission and under the said contract above mentioned, of the said Tom Hutson as agent of said appellant; that the said negroes in using said jack negligently jacked up the rear end of an automobile at the edge of the said station grounds near enough the sidewalk on said Second street to cause the long, heavy jack handle to extend across the said sidewalk at said point and on account of the negligence on the part of appellant, its agents and employees, caused the appellee to be injured; that appellant, its agents, servants and employees were grossly negligent in placing said jack and allowing said jack to be placed in said position and thereby trespassing upon the rights of pedestrians and making it dangerous for them to pass said station in safety; that appellee had no warning that said jack handle was across said sidewalk and was in no way negligent in using said sidewalk where all pedestrians walked along same; that he was injured through no fault of his own. In substance, the relationship of master and servant was alleged as a basis for recovery under the doctrine of *respondeat superior*.

An answer was filed denying each and every material allegation of the complaint and stating that appellant is

in no wise liable or responsible for the accident complained of and resulting injuries, and that appellee's injuries were occasioned solely by his own negligence in failing to exercise ordinary care for his own safety.

The cause was submitted upon the pleadings and testimony adduced by the respective parties, at the conclusion of which appellant requested an instructed verdict in its favor, whereupon attorney for appellee stated: "We are suing because the property was being used by these negroes with its knowledge and consent as a place for working on automobiles and on that account it (appellant) became responsible for the negligent act of the negroes in placing the jack under the back end of the automobile so as to allow the heavy handle thereof to extend out across the sidewalk, an act of negligence which appellant should have anticipated."

Appellee was allowed to orally amend the complaint so as to change the allegation of negligence in this respect although appellant requested a continuance on the ground of surprise. The court thereupon declined to grant a continuance and refused to instruct a verdict for it, over appellant's objection and exception.

The court then submitted the case to the jury on the theory that appellant would be liable if a preponderance or weight of the evidence showed that it had knowledge that the negroes were using the property for cleaning and repairing automobiles in such a careless and negligent manner as to endanger the lives and safety of passersby upon said public sidewalk, if said passersby were exercising ordinary care for their own safety, with the result that the jury returned a verdict for $1,250 against appellant upon which a judgment was rendered, from which is this appeal.

The testimony stated in the most favorable light to appellee, is, in substance, to the effect that appellant owned the filling station and the grounds around it and had leased it to W. P. Brazille until June 10, 1938, at which time the lessee moved out leaving the property vacant; that the door was locked and windows fastened down; that it remained vacant and was vacant and un-

occupied at the time appellee fell over the jack handle and injured himself; that after the station became vacant two negroes, who were occupying Mrs. Hubbel's property, just east of and adjoining appellant's vacant filling station, used the driveway and concrete surface around appellant's station for cleaning, repairing, and greasing automobiles for some of their patrons, without getting permission from its wholesale agent to do so; that appellant's agent, Tom Hutson, inspected appellant's station every few days to see whether it was locked up and whether anyone had gotten into it; that said agent had no authority to lease or grant permission to anyone to use the grounds round about the station building, but was simply a caretaker for looking after and inspecting the property for the purposes aforesaid; that at such times as he inspected the station he had observed the negroes using the concrete surface round about the station and grease rack to clean, repair, and grease automobiles, but that he did not notice any careless or negligent acts on the part of the negroes and said nothing to them about the use they were making of it; that he gave them no permission to use the premises; that a police officer, who saw the negroes using the surface round about the building cautioned the negroes, as he had done all other filling stations, not to obstruct the sidewalk; that appellant had not rented to or given the negroes any permission to use the driveway or concrete surface round about the filling station; that appellant's caretaker was not there when the accident happened and knew nothing about the handle of the jack lying across the sidewalk and had never noticed or observed the jack handle lying across the sidewalk before when the negroes were repairing automobiles.

The court erred in not granting appellant a continuance when he permitted appellee to change the alleged cause of action by oral amendment to the complaint, when it expressed surprise and requested him to do so, but that error is of no consequence as the evidence stated in its most favorable light to appellee is insufficient to establish liability on the part of appellant for the injuries received by appellee. These negroes com-

mitted the alleged act of negligence without the consent and without the knowledge of appellant. They were not employees of appellant and were not running or operating the filling station for appellant. They had no connection whatever with appellant, but were third parties. Although Tom Hutson inspected the premises occasionally there is no evidence that he ever saw any obstruction on the sidewalk or anything to cause him to anticipate that the handle of the jack would be laid across the sidewalk. There is nothing to show that he had any reason to anticipate that the negroes would use the ground round about the filling station in a careless, negligent manner. As far as the record shows this is the only time the handle was placed across the sidewalk, and Tom Hutson was not there at that time. It is only where one has reason to anticipate want of care and danger that he is required to anticipate or guard against it. The act of negligence alleged was not a continuing act or at least the evidence does not show that it ever occurred before. This court quoted in the cases of *Willoughby* v. *Hot Springs Ice Co.*, 180 Ark. 231, 21 S. W. 2d 168, and in *Leonard* v. *Standard Lbr. Co.*, 196 Ark. 800, 120 S. W. 2d 5, from the case of *Manning* v. *Sherman*, 110 Me. 32, 86 A. 245, 46 L. R. A., N. S., 126, Ann. Cas. 1914D, 89, as follows:

"When the injury is the result solely of the negligent act of a third person, who does not stand in such a relation to the defendant as to render the doctrine of *respondeat superior* applicable, no liability attaches to defendant. The fact that the negligent act which caused the injury was done on a person's land or property will not render him liable, where he had no control over the persons committing such act, and the act was not committed on his account, nor where the third person, whose negligence caused the injury, assumes control of the owner's property without authority. An owner or occupant of premises, not in a defective or dangerous condition, is not liable for injuries caused by acts of third persons, which were unauthorized, or which he had no reason to anticipate, and of which he had no knowledge."

The injuries to appellee were caused by acts of the negroes, third parties, which were unauthorized, or which appellant had no reason to anticipate and of which it had no knowledge and we think the facts bring it clearly within the rule announced in *Willoughby* v. *Hot Springs Ice Co.,* and *Leonard* v. *Standard Lbr. Co., supra.*

Appellee contends that the facts in the instant case bring it within the rule announced in the case of *Malco Theatres, Inc.* v. *McLain,* 196 Ark. 188, 117 S. W. 2d 45, and that the instant case is ruled by the Malco Theatres case, but not so, for in that case Mrs. McLain was injured through the negligent act of the servant of the property owner, who, while in the performance of work for the owner stuck a mop handle out on the sidewalk and tripped Mrs. McLain. In the instant case the negroes were not employed by appellant. There is nothing in the record to show that the jack was used more than one time and nothing to show that it belonged to the appellant or that appellant or its agent had ever seen the negroes using the area around appellant's filling station in a careless and negligent manner.

We have concluded that there is no evidence tending to show any liability for the injuries received by appellee against appellant and for that reason the judgment is reversed, and the cause is dismissed.