## TEXAS & P. RY. CO. v. ATCHISON.
### No. 2465.

Court of Civil Appeals of Texas. Eastland.
Sept. 22, 1944.

Rehearing Denied Oct. 20, 1944.

Shropshire & Bankhead, of Weatherford, and B. L. Russell, of Baird, for appellant.

Scarborough, Yates & Scarborough and J. R. Black, all of Abilene, for appellee.

LESLIE, Chief Justice.

W. B. Atchison instituted this suit against the Texas and Pacific Railway Company to recover damages for injuries inflicted upon his wife by reason of the negligence of the defendant. The defendant entered general and special denials, specifically alleging contributory negligence and specially denied that plaintiff's injuries were proximately caused by any act or negligence chargeable to it.

The trial before the court without a jury resulted in judgment for plaintiff in the sum of $750. The transcript contains findings of fact and conclusions of law.

Among other things, the plaintiff alleged that on or about March 6, 1942, the defendant negligently started a grass fire on its right of way at a point about one mile east of Putnam, Texas. That the fire spread to the surrounding area and the smoke therefrom drifted across the adjacent highway (80) at the time plaintiff's wife was traveling along the same in a car driven by Elva Smith. That said Smith drove her car into the smoke, and after getting into the same, the smoke thickened and despite her care and prudence in driving the car slowly and on her extreme right-hand side, the north side, said car was run into by a car being driven by a third party and said wife sustained serious personal injuries, the nature of which need not be here stated. Damages in the aggregate sum of $8,000 were sought, together with hospital and medical bills amounting to $500 additional.

The defendant alleged that at the time of the collision it was operating its trains with oil burning engines, properly constructed and equipped with the best appliances then in use for the prevention of fire escaping, and that said engines and appliances were in good repair, and carefully handled by skilful engineers. That no fire escaped therefrom which could have been a direct and proximate cause of the injuries to plaintiff's wife.

The defendant also alleged that the driver of the automobile in which the plaintiff's wife was traveling, as well as the plaintiff's wife, were, in operating the car at the time and place of the accident, each guilty of negligence proximately causing the injuries. That they were joint enterprisers, and the negligence of each imputable to the other. That although plaintiff's wife and the driver of the automobile discovered the smoke enveloping them and the road they continued to drive through same without being able to see an object or approaching car in front of them and did not at such time turn on the lights of their car or sound the horn thereof.

In brief, plaintiff's wife was injured when the automobile in which she was riding and which was driven by Mrs. Smith collided with an automobile traveling in the opposite direction on State Highway 80 near the town of Putnam. At and in the vicinity of the collision the above mentioned highway and the right of way of the defendant railroad company lay parallel and contiguous to each other. Plaintiff contends that the negligence of the defendant and its employees was the proximate cause of the collision and consequent injuries to his wife, because the defendant's employees while operating one

of the defendant's trains and while acting in the scope of their employment, shortly prior to the collision, set fire to the vegetation which the defendant had negligently allowed to grow and remain upon its right of way; that a great volume of smoke was thereby caused to suddenly billow from defendant's right of way and to envelop plaintiff and the driver of the car with which the Smith car collided.

The appellant presents many propositions attacking the court's findings of fact and conclusions of law and the judgment based thereon. It is unnecessary to state the various propositions, since we have concluded that the 10th point is controlling and must be sustained. It is as follows:

"The uncontradicted evidence showing the injuries received by plaintiff's wife were occasioned by the conduct of a third party in no way connected with this defendant, and for whose conduct this defendant was not responsible, and that such conduct and actions on the part of said third party were the sole, direct and proximate cause of the injuries received by plaintiff's wife, it was the duty of the court to render judgment for the defendant."

In other words, it is the defendant's theory that a new agency not within the contemplation of the original wrongdoer, if such, intervened to bring about the wife's injury.

We shall, therefore, proceed to a disposition of this appeal on the theory that the defendant was negligent in the material respects alleged, and that the evidence supports the court's expressed and implied findings, except as herein expressly disapproved. In substance, the appellant contends (1) that the burning of the grass under the circumstances merely brought about a condition, and that no injury would have occurred to the plaintiff's wife but for the active negligence of a third party over whom the appellant had no control and for whose acts it was not responsible; (2) that said third party negligently undertook to drive his automobile in or through the cloud of smoke (condition) without stopping and waiting for the same to rise, and in doing so he also negligently drove his automobile on the *wrong* or *north* side of the highway (80) along which plaintiff's wife was driving toward the west; (3) that in such manner the head-on collision of the two simultaneously approaching cars occurred, and that plaintiff's wife sustained her injuries due primarily and exclusively to said third party's act or negligence, which was the sole proximate cause thereof; (4) that the condition created by the burning of the grass which caused the cloud of smoke to envelop the road was neither the sole nor a concurrent cause of the collision resulting in said injuries.

We are of the opinion that the evidence conclusively sustains appellant's said propositions. A like case was considered in Waggoner v. Simmons, Tex.Civ.App., 117 S.W.2d 553. It was there held:

"Where cloud of smoke, which was caused by burning grass on defendants' land adjacent to highway, lay over highway and plaintiff's automobile was driven into the cloud and collided with another automobile therein, injuring plaintiff and his minor daughter, the burning of the grass creating the cloud of smoke merely brought about a condition, which was neither the sole or concurrent proximate cause of the accident, so that defendants were not liable."

In principle that authority followed Horton & Horton v. House, Tex.Com.App., 29 S.W.2d 984, 986. In that case the plaintiff was damaged but was not negligent and the court held the negligence of a third party, for whose acts neither the plaintiff nor the defendant was responsible, to be the sole proximate cause of the damages. The court said:

"In other words, where, upon investigation and finding by a jury, it is discovered that the plaintiff's injuries would not have been inflicted, although the defendant was negligent in the transaction, but for the fact that the sole proximate cause of the injury inflicted upon the plaintiff was the negligent act of some one for whose act the defendant was in no wise responsible, the plaintiff's right to recover is thereby defeated."

In that opinion the court quoted with approval from Manning v. Sherman, 110 Me. 332, 86 A. 245, 46 L.R.A.,N.S., 126, Ann.Cas.1914D, 89, as follows:

" 'When the injury is the result solely of the negligent act of a third person, who does not stand in such a relation to the defendant as to render the doctrine of respondeat superior applicable, no liability attaches to defendant.' "

The principle is elementary and fits the facts reflected by this case. Here no contention is made nor could one be logically sustained that the defendant was in any way responsible for the acts of the third party in proceeding to drive his car through the dense smoke onto the north half of the road and into the car in which plaintiff's wife was being driven.

In Wichita Valley R. Co. v. Minor, Tex. Civ.App., 100 S.W.2d 1071, 1073, we held:

"It is a well-recognized rule of law that one person may not be held liable for damages caused solely by the act of another over whom he has no control. We understand that the authorities in · this state establish the proposition of law that an independent act of a third party may, but does not necessarily have to be negligence in order to be the sole cause of an injury and therefore constitute a defense in cases of this character." Thweatt v. Ocean Acc. & Guarantee Corp., Tex. Civ.App., 62 S.W.2d 250.

The opinion of our Supreme Court by Judge Critz in Phœnix Refining Co. v. Tips, 125 Tex. 69, 81 S.W.2d 60, 61, is pertinent to the issues. In part it was there said:

"Before it can be said that an act of negligence is the proximate cause of an injury, it must appear that the injury was the natural and probable consequence of such act of negligence, and that the party committing the act ought reasonably to have foreseen such consequences in the light of attending circumstances. Texas & Pac. R. Co. v. Bigham, 90 Tex. 223, 38 S.W. 162; Union Stock Yards v. Peeler, Tex.Com.App., 37 S.W.2d 126; Payne v. Robey, Tex.Com.App., 257 S.W. 873; Southern Union Gas Co. v. Madeley, Tex. Civ.App., 55 S.W.2d 599; City of Dallas v. Maxwell, Tex.Com.App., 248 S.W. 667, 27 A.L.R. 927.

"A prior or remote cause cannot be made the basis of an action for damages if it does nothing more than furnish the condition or give rise to the occasion which makes the injury possible, if such injury is the result of some other cause which reasonable minds would not have anticipated, even though the injury would not have occurred but for such condition. Panhandle & S. F. R. Co. v. Sledge, Tex. Civ.App., 31 S.W.2d 146, 149; Sledge v. Panhandle & S. F. R. Co., Tex.Com.App., 45 S.W.2d 1112."

The reasons for our conclusions herein and the principles applied are well stated in Panhandle & S. F. R. Co. v. Sledge, Tex.Civ.App., 31 S.W.2d 146, affirmed by the Supreme Court, 45 S.W.2d 1112, as "correctly disposing" of the case "and for correct reasons given." At the risk of slight repetition, but for the purpose of rendering our decision clear, further reference will be made to said opinion, giving some of it in substance and quoting part.

Admitting, as in the above opinion, that the defendant (T. & P. Ry. Co.) was negligent in permitting the accumulation of stubble and dry grass on its right of way and setting a fire, "still the injuries complained of are too remote and could not reasonably have been expected to follow the defendant's negligence without the concurrence of some unusual occurrence in the absence of which the injuries would not have happened." [31 S.W.2d 149.] There is no plausible relation between the alleged acts of negligence above stated and the independent act of a third party driving through a cloud of smoke, passing onto the north side of the road and making a head-on collision with one on the proper side of the road. Such collision under the circumstances is not the natural or probable result of the alleged negligent acts charged to the defendant and admitted or assumed as stated above.

"To be a proximate cause, the negligence complained of must be such that by the usual and natural course of events the injury would reasonably be anticipated. Consequences which are only possible are not to be held as usual, natural, or even probable. * * * A prior and remote cause cannot be made the basis for an action for damages if it did nothing more than furnish the condition or give rise to the occasion by which the injury was made possible if the injury is the result of some other cause which reasonable minds would not have anticipated, even though the injuries would not have happened but for such condition. The danger or apparent danger must exist in the condition itself.

"In the case of Seale v. Gulf, C. & S. F. R. [Co.], 65 Tex. 274, 57 Am.Rep. 602, it was shown that the railway company permitted combustible materials to accumulate upon its right of way and that sparks from a passing locomotive set fire to this material. The fire spread to plaintiff's

land, and plaintiff's daughter undertook to extinguish the fire, and, while attempting to do so, her clothes caught fire and burned her so that she died. In sustaining a general demurrer to the petition, the Supreme Court said: 'Whether the deceased was negligent or not in her attempt to put out the fire, we think that this attempt, and not the original negligence of the defendant in starting the flame, was the proximate cause of her death.' * * *

"In the case of Texas & P. R. Co. v. Bigham, 90 Tex. 223, 38 S.W. 162, 164, the plaintiff was injured because of a defective fastening upon the stock pens in which he had confined his cattle prior to shipment. It was shown that a passing train frightened the cattle and they broke through the gate, injuring the plaintiff. In discussing the question of negligence, the court asks the question: 'Was there an unbroken connection between the wrongful act and the injury—a continuous operation?' Judge Gaines answers the question in the following language: 'We think not. But for the defective fastening to the gate, the injury could not have happened. Hence the alleged negligence of the defendant brought about the condition that rendered the accident possible. The active cause which produced the injury was wholly independent of the negligence of the defendant, and wholly disconnected from it. Ought the agents of the company to have foreseen that as a result of the imperfect fastening of the gate, the injury, or any injuries similar in character would probably result? In our opinion, nothing short of prophetic ken could have anticipated the happening of the combination of events which resulted in the injury of the person of the plaintiff.' " Sledge case.

In the light of the above authorities, we conclude that the defendant's negligence, if any, was a remote cause of the injuries complained of and in law neither the sole nor a contributing cause thereof. The injuries are conclusively shown to be the result of the act of a third party, as above stated, and such act must be regarded as the sole proximate cause thereof.

The judgment of the trial court is reversed, and since the case has been fully developed, judgment is here rendered that the plaintiff take nothing.