RODIS v HERMAN KIEFER HOSPITAL

Docket No. 74651. Submitted November 14, 1984, at Detroit.—Decided
May 6, 1985.

Antonios Rodis, an employee of an independent contractor, was
shot and injured by an unidentified assailant while painting
garage doors within the fenced-in premises of the Herman
Kiefer Health Complex, which is owned and operated by the
City of Detroit. He and his wife, Stavroula Rodis, brought an
action in the Wayne Circuit Court against Herman Kiefer
Hospital, a department of the City of Detroit, alleging that
defendant breached its duty to exercise reasonable care and
provide safe premises and to protect its business invitees on the
premises from assault. Defendant filed a motion for summary
judgment on the grounds that no duty existed to protect
plaintiff from the assault and that the claim was barred by
governmental immunity. The court, Irwin H. Burdick, J.,
granted the motion on the first ground, and did not address the
governmental immunity question. Plaintiffs appealed. *Held:*

1. While the court in an action for negligence decides ques-
tions of duty, general standard of care and proximate cause,
the jury decides whether there is cause in fact and the specific
standard of care: whether the defendant's conduct is below the
general standard of care, including—unless the court is of the
opinion that all reasonable persons would agree or there is an
overriding legislatively or judicially declared public policy—
whether in the particular case the risk of harm created by the
defendant's conduct is reasonable. The owner of property gener-
ally has a duty to protect tenants and invitees from unreason-
able risks, including the risk of harm resulting from the
foreseeable criminal activities of third parties, and it is for the
jury to decide whether, in a particular case, the risk of harm

REFERENCES FOR POINTS IN HEADNOTES

[1] 73 Am Jur 2d, Summary Judgment § 26 *et seq.*
[2] 57 Am Jur 2d, Negligence § 32.
[3] 57 Am Jur 2d, Negligence §§ 6, 7, 9, 34.
[4] 62 Am Jur 2d, Premises Liability §§ 23-27, 62 *et seq.*
Landlord's obligation to protect tenant against criminal activities of
third persons. 43 ALR3d 331.

resulting from criminal activities on the premises is foreseeable and whether the perceived risk is unreasonable. The court erred in granting summary judgment on the basis that no duty existed.

2. The availability of a governmental immunity defense is a question which may require development of a factual record. The issue should first be addressed by the trial court.

Reversed and remanded.

1. Motions and Orders — Summary Judgment — Failure to State Claim — Court Rules.

A motion for summary judgment for failure to state a claim for which relief can be granted is tested by the pleadings alone and tests the legal basis of the complaint, not whether it can be factually supported; the factual allegations of the complaint are taken as true, along with any inferences or conclusions which may be fairly drawn from the facts alleged and, unless the claim is so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recover, the motion should be denied (GCR 1963, 117.2[1]).

2. Negligence — Elements of Negligence.

The elements of an action for negligence are (1) duty, (2) general standard of care, (3) specific standard of care, (4) cause in fact, (5) legal or proximate cause, and (6) damages.

3. Negligence — Question of Law — Jury Question.

While the court in an action for negligence decides questions of duty, general standard of care and proximate cause, the jury decides whether there is cause in fact and the specific standard of care: whether the defendant's conduct is below the general standard of care, including—unless the court is of the opinion that all reasonable persons would agree or there is an overriding legislatively or judicially declared public policy—whether in the particular case the risk of harm created by the defendant's conduct is reasonable.

4. Negligence — Duty — Jury Question.

The owner of property generally has a duty to protect tenants and invitees from unreasonable risks, including the risk of harm resulting from the foreseeable criminal activities of third parties, and it is for the jury to decide whether, in a particular case, the risk of harm resulting from criminal activities on the premises is foreseeable and whether the perceived risk is unreasonable.

*Cartsos, Simon & Korachis* (by *John F. Kora-*

*chis),* and *Gromek, Bendure & Thomas* (by *Nancy L. Bosh),* for plaintiffs.

*Laurel F. McGiffert,* for defendant on appeal.

Before: Hood, P.J., and Bronson and R. L. Tahvonen,* JJ.

Tahvonen, J. Plaintiffs appeal as of right from the trial court's October 12, 1983, order granting summary judgment in favor of defendant under GCR 1963, 117.2(1).

On June 26, 1980, Antonios Rodis, an employee of an independent contractor, was shot and injured by an unidentified assailant while painting garage doors within the fenced-in premises of the Herman Kiefer Health Complex, which is owned and operated by the City of Detroit. Plaintiff filed this negligence action alleging that defendant breached its duty to "exercise reasonable care and provide safe premises and to protect its business invitees on the premises from assault".

Defendant filed a motion for summary judgment on the grounds that no duty existed to protect plaintiff from the assault and that the claim was barred by governmental immunity. The trial court granted the motion on the first ground, and did not address the governmental immunity question. Plaintiffs appeal as of right.

The grant or denial of a motion for summary judgment under subrule 117.2(1) tests the legal basis of the complaint. The reviewing court must rely on the pleadings alone and assume that the factual allegations in the complaint are true, along with any inferences which may be drawn from those facts. The motion should be granted only when the claim is so unenforceable as a matter of

---

* Circuit judge, sitting on the Court of Appeals by assignment.

law that no factual development could possibly justify a right to recovery. *Blake v Consolidated Rail Corp,* 129 Mich App 535, 543; 342 NW2d 599 (1983), *Aisner v Lafayette Towers,* 129 Mich App 642, 645-646; 341 NW2d 852 (1983), *lv den* 419 Mich 880 (1984).

The elements of a negligence action are (i) duty, (ii) general standard of care, (iii) specific standard of care, (iv) cause in fact, (v) legal or proximate cause, and (vi) damages. *Moning v Alfono,* 400 Mich 425, 437; 254 NW2d 759 (1977), *reh den* 401 Mich 951 (1977).

In this case the trial court granted summary judgment on the ground that no duty existed. "Duty is essentially a question of whether the relationship between the actor and the injured person gives rise to any legal obligation on the actor's part for the benefit of the injured person". 400 Mich 438-439. (Footnote omitted.) While duty is a question for the court to decide, the specific standard of care is not part of that question. 400 Mich 436-437. The Court in *Moning, supra,* p 438, stated:

"While the court decides questions of duty, general standard of care and proximate cause, the jury decides whether there is cause in fact and the specific standard of care: whether defendants' conduct in the particular case is below the general standard of care, including— unless the court is of the opinion that all reasonable persons would agree or there is an overriding legisla- tively or judicially declared public policy—whether in the particular case the risk of harm created by the defendants' conduct is or is not reasonable." (Footnote omitted.)

The owner of property generally has a duty to protect tenants and invitees from unreasonable risks, including the risk of harm resulting from

the foreseeable criminal activities of third parties. See *Samson v Saginaw Professional Building, Inc*, 393 Mich 393; 224 NW2d 843 (1975); *Aisner, supra; Blake, supra; Askew v Parry,* 131 Mich App 276; 345 NW2d 686 (1983). However, it is for the jury to decide whether, in a particular case, the risk of harm resulting from criminal activities on the premises is foreseeable and whether the perceived risk is unreasonable. *Samson, Aisner, Blake, supra.*

We conclude that summary judgment was incorrectly granted. The complaint alleged that incidents of a violent nature had occurred on the premises in the past and that defendant knew or had reason to know that violent assaults could occur again. The questions of foreseeability of harm and unreasonableness of the perceived risk were for the jury to decide.

Although defendant's motion also raised the defense of governmental immunity, the trial court did not rule on that question. We believe the availability of governmental immunity is a question which may require further development of a factual record and should be decided by the trial court in the first instance. We therefore decline to rule on the question at this time.

Reversed and remanded.