George ALLISON, Appellee,

v.

**COOPER TIRE & RUBBER COMPANY, Appellant.**

Aetna Casualty & Surety Company, Intervenor below.

No. 86–2350.

United States Court of Appeals, Eighth Circuit.

Submitted April 17, 1987.

Decided July 2, 1987.

Rehearing and Rehearing En Banc Denied Aug. 6, 1987.

William L. Peek, Jr., Texarkana, Tex., for appellant.

Sherman Kusin, Texarkana, Tex., for appellee.

Before JOHN R. GIBSON, Circuit Judge, and FLOYD R. GIBSON and HENLEY, Senior Circuit Judges.

HENLEY, Senior Circuit Judge.

Following a jury trial, appellee George Allison received a judgment of $106,628.17 against appellant Cooper Tire & Rubber Company (Cooper) for injuries he received while working as a security guard. Cooper appeals, claiming the district court[1] erred by failing to direct a verdict in its favor following the close of Allison's case and by failing to give several jury instructions requested by Cooper. We affirm.

Southern Research Company was engaged by Cooper to provide security services at Cooper's tire manufacturing plant in Texarkana, Arkansas. Allison was hired by Southern Research Company on March 15, 1983 and was assigned as a guard at the Texarkana plant. Allison's duties included identifying any safety hazards.

On March 7, 1984 Allison began the first round of the plant at midnight. The plant is a large one and Allison commenced his rounds riding a bicycle.[2] As Allison proceeded down a narrow aisleway he was thrown from his bicycle by a wire which had been strung across his path. Unable to rise, Allison remained where he fell until help arrived and he was removed to a hospital by ambulance. As a result of the fall, Allison has suffered back pain and despondency. He has been unable to return to work.

At trial, Allison produced evidence that one or two similar incidents had occurred in the past of which Cooper was aware. Alli-

---

1. The Honorable Elsijane T. Roy, United States District Judge, Eastern and Western Districts of Arkansas.

2. Neither Southern Research nor Cooper prohibited such use of bicycles. Indeed, Cooper provided bicycles for its supervisors.

son claimed that Cooper was negligent in failing to warn him of the danger of making his rounds on a bicycle in light of those earlier incidents. The jury returned a verdict in favor of Allison and against Cooper, and this appeal followed.

Cooper first claims that the district court erred in not directing a verdict because the hazard which injured Allison was one which he was hired to detect. We have previously stated the duty owed to an independent contractor under Arkansas law.

> There is [a] ... clearly established rule in Arkansas law that an owner of property who has hired an independent contractor to work on its property has a duty to the independent contractor's employees to exercise ordinary care, and to warn in the event of any unusually hazardous conditions which might affect their welfare.... This duty does not include, however, a duty to warn employees of independent contractors of obvious dangers which are inherent in the work to be performed.

*McMichael v. United States,* 751 F.2d 303, 308 (8th Cir.1985) (citations omitted).

Thus, there is no duty to warn an electrician that the wires he is hired to work on are energized when the contract specifically calls for such work. *See Jackson v. Petit Jean Electric Co-op,* 270 Ark. 506, 509, 606 S.W.2d 66, 68 (1980). Likewise, absent more, there is no general duty to warn a security guard that he may be injured by an intruder. *See Simpson v. Wolf Ridge Corp.,* 486 So.2d 418 (Ala. 1986). Both of these dangers are inherent in the work the independent contractor was hired to perform. Whether the particular hazard is inherent in the work to be performed is a question of fact. *See Jackson,* 270 Ark. at 509, 606 S.W.2d at 68. However, when the injury is caused by a specific hazard which the person who hired the independent contractor had reason to anticipate (as opposed to a generalized hazard inherent in the work), a duty to warn may

exist. Thus the proper focus in reviewing this case is not merely the hazardous condition of the property and the corresponding *Jackson* exception to liability, but whether Cooper can be held liable for the tortious conduct of a third party occurring on Cooper's property.

The wire served no function in the operation of Cooper's business. The inference from the wire's throwing Allison off his bicycle is that it was intentionally strung across the aisleway and did not casually fall there. Accordingly, the only conclusion that can reasonably be drawn from the facts is that the wire was intentionally placed across the aisleway with the intent of knocking a rider off his bicycle.[3] " 'An owner or occupant of premises, not in a defective or dangerous condition, is not liable for injuries caused by acts of third persons, which were unauthorized, *or which he had no reason to anticipate* and of which he had no knowledge.' " *Magnolia Petroleum Co. v. Melville,* 202 Ark. 382, 386, 150 S.W.2d 220, 222 (1941) (emphasis supplied) (quoting *Manning v. Sherman,* 110 Me. 332, 86 A. 245 (1914) ); *see Rodis v. Herman Kiefer Hospital,* 142 Mich.App. 425, 370 N.W.2d 18 (1985). The record contains evidence that Cooper was aware of prior similar incidents, but took no action to abate the possibility of recurrence.[4] The jury reasonably could have concluded that Cooper had reason to anticipate the activities leading to Allison's injury and that its failure to warn Allison was a direct cause of his injury. Therefore, the district court did not err in declining to direct a verdict for Cooper.

Cooper's other claim of error regards the district court's instructions to the jury. Cooper contends the court erred in failing to give five instructions it requested. These instructions fall into two categories: (1) two instructions based on *Jackson,* and (2) three differing instructions on respondeat superior liability. The district court

---

**3.** At oral argument counsel for Cooper suggested that the wire was likely strung across the aisleway by a Cooper employee to dismount a Cooper supervisor because at that time the plant was experiencing some labor unrest.

**4.** The evidence on this point is conflicting and we have examined the record in the light most favorable to sustaining the jury verdict.

gave, in substance, one of Cooper's proposed instructions from each of the categories. The instructions fairly and adequately informed the jury of the applicable law and Cooper has no right to demand further repetitious instructions on the same subject.

Finding no error, we affirm the decision of the district court.

JOHN R. GIBSON, Circuit Judge, dissenting.

I respectfully dissent.

George Allison was injured on March 7, 1984 as he made his first round after he reported for work. He was only twelve or fourteen feet from a required key stop, riding on a bicycle, when he struck a wire stretched across an aisleway. He testified that Nottingham, the man he relieved at 11:30 p.m., would have made four rounds of the same area during the earlier shift and that if the wire had been there he would have seen it. The wire thus had to be placed there after Nottingham made his fourth round and before Allison made his first. Any guard that saw it would had to have done something about it because it was an obvious safety hazard.

Jimmie Townsend, Allison's first witness, testified that he ran into a wire in the Cooper warehouse sometime in 1979. Allison's wife stated that one of the Cooper employees told her that similar incidents had occurred twice before. There was testimony that such an incident had occurred approximately a year before Allison's injury and was known by the Southern Research supervisor but not reported to Cooper.

The court correctly states the rule from *Magnolia Petroleum.* In Arkansas, an owner or occupant of premises, not in a defective or dangerous condition, is not liable for the tortious acts of third parties which were unauthorized, or which he had no reason to anticipate and of which he had no knowledge. *Magnolia Petroleum,* 202 Ark. at 386, 150 S.W.2d at 222; *see also Leonard v. Standard Lumber Co.,* 196 Ark. 800, 802, 120 S.W.2d 5, 7 (1938). The court recognizes that the wire across the

aisle was unauthorized and served no purpose of Cooper. It had to have been put in place after the last round of the security employee working the shift immediately before Allison. There is no evidence any Cooper employee knew of its presence. A detailed investigation by Cooper and the local police failed to discover any evidence as to who was responsible for placing it there. I cannot conclude from this evidence that the rare unauthorized incidents occurring over a four-year span are sufficient basis for reasonable jurors to conclude that Cooper had reason to anticipate that this type of activity would occur again. I believe that a directed verdict should be entered in favor of Cooper.