*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

GINA CORNWELL,

        Plaintiff-Appellant,

v

CANDELARIA J. CASTANEDA and RUBY 07
PORT HURON, LLC,

        Defendants,

and

K&M REAL ESTATE, LLC, and NEW PAR, doing
business as VERIZON WIRELESS,

        Defendants-Appellees.

UNPUBLISHED
September 17, 2020

No. 347563
St. Clair Circuit Court
LC No. 17-002007-NI

Before: RIORDAN, P.J., and O'BRIEN and SWARTZLE, JJ.

PER CURIAM.

On April 2, 2017, Candelaria J. Castaneda was driving in a parking lot owned by K&M Real Estate, LLC. While attempting to park in front of one of K&M's tenants—New Par, doing business as Verizon Wireless (Verizon)—Castaneda hit her vehicle's accelerator instead of the brake, causing the vehicle to crash through Verizon's storefront wall. Plaintiff was a customer in the Verizon store waiting for service when Castaneda's vehicle crashed through the wall. Castaneda's vehicle struck plaintiff, causing severe injuries. Plaintiff brought suit, and the trial court granted summary disposition to K&M and Verizon, holding that neither owed a duty to plaintiff to prevent Castaneda's vehicle from crashing through the storefront wall because such an event was not foreseeable.

We conclude that the trial court erred in its analysis of K&M's and Verizon's duty to plaintiff because plaintiff's claims sounded in premises liability, and the trial court analyzed K&M's and Verizon's duty to plaintiff, an invitee, under ordinary-negligence principles. In an action for premises liability, a land possessor generally owes an invitee a duty to use reasonable

-1-

care to protect the invitee from unreasonable risks of harm posed by dangerous conditions on the land. That duty, however, does not extend to open and obvious conditions. We conclude that the conditions that plaintiff complained of in her complaint, including the danger of an operator of a motor vehicle losing control of the motor vehicle and crashing it, were open and obvious conditions of a property on which motor vehicles travel. Because a premises possessor does not owe an invitee a duty to warn or protect from open and obvious conditions, the trial court properly granted summary disposition to defendant. We affirm.

## I. BACKGROUND

As described by the trial court, K&M's parking lot in front of the Verizon store is laid out as follows:

> The parking lot lines in front of the Verizon store are perpendicular to the front of the building. There is a two lane right of way for vehicles entering and exiting the strip mall that separates the lot and the store front. There is a sidewalk that separates the right of way and the store fronts. The sidewalk is curbed to delineate it from the parking lot and right of way. [The Verizon store's] façade is made of windows and brick.

On the day of the accident, plaintiff was sitting on a bench near the front of the Verizon store with her back to the parking lot. While Castaneda was attempting to park in one of the perpendicular spaces in front of the Verizon store, she lost control of her vehicle, crossed the two-lane right of way, jumped the curb, crossed the side walk, and crashed through the Verizon storefront, hitting plaintiff.

As stated, the trial court granted summary disposition to K&M and Verizon, holding that neither owed a duty to plaintiff to prevent Castaneda's vehicle from crashing through Verizon's storefront because the event was not foreseeable. Plaintiff appeals that ruling as of right.

## II. STANDARD OF REVIEW

Whether a duty exists is a legal question reviewed de novo. *Fultz v Union-Commerce Assoc*, 470 Mich 460, 463; 683 NW2d 587 (2004). Likewise, we review de novo a trial court's decision to grant summary disposition. *Rory v Continental Ins Co*, 473 Mich 457, 464; 703 NW2d 23 (2005). K&M and Verizon moved for summary disposition under MCR 2.116(C)(8). As explained by our Supreme Court:

> A motion under MCR 2.116(C)(8) tests the legal sufficiency of the complaint. All well-pleaded factual allegations are accepted as true and construed in a light most favorable to the nonmovant. A motion under MCR 2.116(C)(8) may be granted only where the claims alleged are so clearly unenforceable as a matter of law that no factual development could possibly justify recovery. When deciding a motion brought under this section, a court considers only the pleadings. [*Maiden v Rozwood*, 461 Mich 109, 119-120; 597 NW2d 817 (1999) (quotation marks and citations omitted).]

### III. PREMISES LIABILITY VS. NEGLIGENCE

Before analyzing the duty that K&M and Verizon owed plaintiff, we must determine whether plaintiff's claims sound in premises liability or ordinary negligence.

In her first amended complaint, plaintiff alleged that K&M was liable for her injuries because the way it designed its parking lot—namely by painting parking lines perpendicular to the Verizon storefront and not installing any additional safety "devices including but not limited to bollards"—caused (at least to some extent) Castaneda's vehicle to crash into Verizon's storefront. For her claims against Verizon, plaintiff alleged that Verizon was liable for her injuries because it arranged its store with benches next to the front window, which caused plaintiff to be sitting in the path of Castaneda's vehicle when it crashed through Verizon's storefront. Plaintiff additionally alleged that Verizon was liable because it failed to erect any "exterior or interior safety devices, including bollards, to deflect/stop on-coming motor vehicles," which allowed Castaneda's vehicle to crash through Verizon's storefront.

Plaintiff's complaint labels most of these counts as claims of negligence, but "[c]ourts are not bound by the labels that parties attach to their claims." *Buhalis v Trinity Continuing Care Services*, 296 Mich App 685, 691; 822 NW2d 254 (2012). Instead, courts determine the gravamen of an action by reading the complaint as a whole. *Id*. at 691-692. A claim for ordinary negligence is distinct from a claim for premises liability; if a plaintiff's injury arises from an allegedly dangerous condition on the land, the action sounds in premises liability, not ordinary negligence. *Id*. at 692.

In her claim against K&M, plaintiff alleges that her injuries arose from K&M's decisions to paint its parking lines perpendicular to the Verizon storefront and not install structures that could prevent a car from driving into the storefront—both allegedly dangerous conditions of K&M's premises. Because plaintiff's claim against K&M arises from allegedly dangerous conditions of the premises, plaintiff's claim against K&M sounds in premises liability. In her claims against Verizon, plaintiff alleges that her injuries arose from Verizon's decisions to place benches near its storefront window and not install structures that could prevent a car from driving into the store—also both allegedly dangerous conditions of the premises. Thus, like with her claim against K&M, because plaintiff's claims against Verizon arise from allegedly dangerous conditions of the premises, plaintiff's claims against Verizon sound in premises liability.

### IV. DUTY

Having determined that plaintiff's claims sound in premises liability, we now turn to whether the trial court correctly determined that Verizon and K&M owed no duty to plaintiff to protect her from or warn her of the allegedly dangerous conditions of their premises.

The trial court analyzed whether a duty existed based on the factors identified in *Hill v Sears, Roebuck & Co*, 492 Mich 651; 822 NW2d 190 (2012). At issue in that case was a claim for ordinary negligence, not premises liability, and the *Hill* Court explained that factors to consider in determining whether a legal duty exists for a claim of negligence under the common law "include the relationship of the parties, the foreseeability of the harm, the burden on the defendant, and the nature of the risk presented." *Id*. at 661 (quotation marks and citation omitted). Applying this

-3-

framework, the trial court concluded that, to a customer in a store, the harm posed by a vehicle driving through a storefront was unforeseeable, so the premises owner did not owe the customer a duty to protect the customer from such an event. Yet, as explained in the previous section, this is a premises liability action, not an action for ordinary negligence. Because *Hill* was a case of ordinary negligence, it is unclear why the trial court applied those principles to this case.

In a premises liability action, "[d]uty exists because the relationship between the parties gives rise to a legal obligation," though there may be limits on "the *scope* of that duty." *Bertrand v Alan Ford, Inc*, 449 Mich 606, 614; 537 NW2d 185 (1995). See also *Williams v Cunningham Drug Stores, Inc*, 429 Mich 495, 498-500; 418 NW2d 381, 383 (1988) (explaining that "[s]ocial policy has led the courts to recognize" that a "special relationship" may exist between groups of people in which ordinary-negligence principles do not apply, and one such "special relationship" is that between "[o]wners and occupiers of land [and] their invitees"). A landowner's duty to a plaintiff in a premises liability action turns on the plaintiff's status on the premises at the time of the injury. See *James v Alberts*, 464 Mich 12, 20; 626 NW2d 158 (2001) ("Under *Stitt*,[1] Alberts' duty, as a landowner, turns on James' status at the time of the injuries. Once James' status as a trespasser, licensee, or invitee is established, the next questions are whether Alberts breached the attendant duty and whether any such breach proximately caused the injuries at issue."). It is undisputed that plaintiff, as a customer of Verizon, was an invitee on the land. See *Stitt v Holland Abundant Life Fellowship*, 462 Mich 591, 607; 614 NW2d 88 (2000) (holding that in Michigan, an invitee status "must be founded on a commercial purpose for visiting the owner's premises"). A possessor of land owes an invitee "a duty to use reasonable care to protect invitees from unreasonable risks of harm posed by dangerous conditions on the . . . land." *Hoffner v Lanctoe*, 492 Mich 450, 460; 821 NW2d 88 (2012). The duty a land possessor owes an invitee "is not absolute, however." *Williams*, 429 Mich at 500. "It does not extend to conditions from which an unreasonable risk cannot be anticipated or to dangers so obvious and apparent that an invitee may be expected to discover them himself." *Id*. Conditions that are "so obvious and apparent that an invitee may be expect to discover them himself" are generally referred to as "open and obvious" conditions. See *Lugo v Ameritech Corp, Inc*, 464 Mich 512, 516-517; 629 NW2d 384 (2001). A condition is open and obvious, and therefore a land possessor owes an invitee no duty to protect or warn of that condition, if "it is reasonable to expect that an average person with ordinary intelligence would have discovered [the condition] upon casual inspection." *Hoffner*, 492 Mich at 461.

In her complaint, plaintiff contended that both K&M and Verizon knew of the possibility that a motor vehicle could crash through Verizon's storefront due to driver error or vehicle malfunction, and (1) K&M should not have painted parking lines in its parking lot that were perpendicular to Verizon's storefront because doing so made it more likely for a motor vehicle to accidentally crash into the store, (2) Verizon should not have placed a bench for customers at the front of its store because it made it more likely that customers would sit in the path of a motor vehicle crashing through its storefront, and (3) K&M and Verizon should have constructed bollards

---

[1] *Stitt v Holland Abundant Life Fellowship*, 462 Mich 591; 614 NW2d 88 (2000).

or other safety structures that could have prevented a vehicle from driving from the parking lot into the Verizon store.

Based on the information in plaintiff's complaint, all of these physical conditions on the land were, standing alone, open and obvious: an average person with ordinary intelligence would have discovered upon casual inspection that (1) the parking lines in K&M's parking lot were painted perpendicular to the Verizon storefront, (2) the bench in the Verizon store was placed at the front of the store, and (3) there were no bollards or other safety devices around the outside of the Verizon store. Plaintiff's complaint, however, centers around an additional condition: the danger of a motor vehicle in the parking lot losing control due to driver error or equipment malfunction and crashing into Verizon's storefront. We conclude that, because it was obvious that motor vehicles were intended to travel on the property at issue, this condition, too, was open and obvious.

Motor vehicles are a ubiquitous part of society, and where motor vehicles travel, the danger posed by their operation follows. One such danger is that an operator of a motor vehicle can lose control of their vehicle, either through negligence or as a result of defective equipment, and crash. This is not a dangerous condition created by a possessor of property, but is a dangerous condition inherent in the operation of a motor vehicle. While the likelihood of an operator of a motor vehicle losing control of the vehicle and crashing it into a building is low, it is an obvious fact that where there are motor vehicles, there is a risk that an operator might lose control of it and crash.

It is a risk that we are confronted with on a near-daily basis—whenever we operate a motor vehicle, walk through a parking lot, walk on a sidewalk next to a street, or even when a motor vehicle drives by our home. When plaintiff entered K&M's parking lot or Verizon's store, the danger posed by motor vehicles—the same danger that plaintiff confronted in order to get to the Verizon store in the first place—did not change. A land possessor's duty to an invitee generally does not extend to providing the invitee with "a safer environment on his premises than his invitees would encounter in the community at large." *Williams*, 429 Mich at, 502. See also See *Stanley v Town Square Co-op*, 203 Mich App 143, 151; 512 NW2d 51 (1993) ("We find that a landlord does not owe a duty to invitees to make open parking lots safer than the adjacent public streets."). This is because land possessors "are not absolute insurers of the safety of their invitees," *Bertrand*, 449 Mich at 614, but rather they have a duty to use reasonable care to protect the invitees from unreasonable risks of harm, *Hoffner*, 492 Mich at 460. For these reasons, we conclude that the danger posed by the possibility of a motor vehicle crashing through a building as a result of non-criminal acts such as driver error is an open and obvious condition of land on which motor vehicles travel.

Turning back to the conditions complained of in plaintiff's complaint, nothing about those conditions made it more likely that an operator of a motor vehicle would lose control of the vehicle and crash. Accord *Stanley*, 203 Mich App at 150 (explaining that a landlord owes a duty to protect invitees against criminal assaults "when the landlord created a dangerous condition that enhances

-5-

the likelihood of exposure to criminal assaults").[2]  That is, nothing about the complained-of conditions altered the open and obvious danger posed by an operator of a motor vehicle losing control and crashing.  While K&M's painting parking lines perpendicular to storefronts directed cars towards stores, that did not make it more likely that an operator would lose control of a motor vehicle and crash.  Moreover, both that an operator could lose control of his or her vehicle and that vehicles would be facing towards stores because of the way that the parking lines were painted were open and obvious conditions.  Similarly, Verizon's placing a bench at the front of the store did not make it more likely that an operator would lose control of a motor vehicle and crash.  Both the placement of the bench and the danger that an operator could lose control of a motor vehicle were open and obvious conditions.  Lastly, the lack of bollards or other safety devices around the outside of the stores on the property did not make it more likely that an operator would lose control of a motor vehicle and crash, and both the lack of bollards or other safety devices and the danger that an operator could lose control of a motor vehicle and crash were open and obvious conditions.  Thus, all of the allegedly dangerous conditions identified by plaintiff were open and obvious conditions.

Even when a condition is open and obvious, a land possessor may nonetheless owe an invitee a duty to protect or warn of the condition if the condition has special aspects that give rise to an unreasonable risk of harm.  *Lugo*, 464 Mich at 517.  There are "two instances in which the special aspects of an open and obvious hazard could give rise to liability: when the danger is *unreasonably dangerous* or when the danger is *effectively unavoidable*."  *Hoffner*, 492 Mich at 463.

"[T]he standard for 'effective unavoidability' is that a person, for all practical purposes, must be *required* or *compelled* to confront a dangerous hazard."  *Id*. at 469.  If a person has a choice whether to confront a condition, it "cannot truly be unavoidable, or even effectively so."  *Id*.  Particularly applicable to this case is our Supreme Court's holding in *Hoffner*, where the Court held that ice in front of a building was not effectively unavoidable to the plaintiff entering the building because the plaintiff "was not forced to confront the risk."  *Id*. at 473.  The Court explained, "A general interest in using, or even a contractual right to use, a business's services simply does not equate with a compulsion to confront a hazard and does not rise to the level of a 'special aspect' characterized by its unreasonable risk of harm."  *Id*. at 472-473.  The same holds true for this case.  Nothing in plaintiff's complaint supports that she was compelled to confront any of the conditions in K&M's parking lot or Verizon's store, so the conditions were not effectively unavoidable.

As for an "unreasonably dangerous" condition, our Supreme Court in *Hoffner* explained, "an 'unreasonably dangerous' hazard must be just that—not just a dangerous hazard, but one that is *unreasonably* so."  *Id*. at 472.  In *Lugo*, our Supreme Court gave "an unguarded thirty foot deep

---

[2] In *Bailey v Schaaf*, 494 Mich 595, 615 n 57; 835 NW2d 413 (2013), our Supreme Court favorably cited *Stanley*'s "holding that a premises owner has a duty to remedy a condition on the physical premises that creates an unusual risk of criminal attack, but no duty to protect from the general hazard of crime which is inherent in the society in which we live."  (Quotation marks and citation omitted.)

pit in the middle of a parking lot" as an example of an unreasonably dangerous condition. *Lugo*, 464 Mich at 518. It explained that a thirty-foot-deep pit in a parking lot "might well be open and obvious, and one would likely be capable of avoiding the danger," but it nonetheless "would present such a substantial risk of death or severe injury to one who fell in the pit that it would be unreasonably dangerous to maintain the condition[.]" *Id*. The *Lugo* Court surmised that "only those special aspects that give rise to a uniquely high likelihood of harm or severity of harm if the risk is not avoided will serve to remove that condition from the open and obvious danger doctrine." *Id*. at 519.

None of the conditions complained of here were unreasonably dangerous. Painting parking lines perpendicular to storefronts, placing a bench in front of a window of a store, and not installing bollards on premises that cars frequent were not unreasonably dangerous because those conditions did not present "a substantial risk of death or severe injury" to one who walks in the parking lot or sits on the store bench. *Id*. at 518. A conclusion to the contrary would require us to reason that painting parking lines perpendicular to storefronts or placing a bench in the front of a store next to where cars drive "give[s] rise to a uniquely high likelihood of harm or severity of harm," which they clearly do not. Thus, the conditions that plaintiff complains of are not unreasonably dangerous.

In sum, plaintiff's complaint does not allege that K&M or Verizon did anything to create a condition conducive to an operator losing control of their vehicle, and all of the conditions in plaintiff's complaint were otherwise open and obvious without special aspects. We therefore conclude that neither K&M nor Verizon owed plaintiff a duty to protect her from, or otherwise warn her of, the conditions that plaintiff complained of in her complaint.

## V. CONCLUSION

Because neither K&M nor Verizon owed plaintiff a duty to protect her from, or warn her of, the danger posed by the possibility of a motor vehicle crashing through a building as a result of non-criminal acts or any of the other conditions identified by plaintiff in her complaint, plaintiff's complaint failed to state a claim upon which relief could be granted. The trial court therefore properly granted summary disposition to K&M and Verizon under MCR 2.116(C)(8).

Affirmed.

/s/ Michael J. Riordan
/s/ Colleen A. O'Brien
/s/ Brock A. Swartzle