## AISNER v LAFAYETTE TOWERS

Docket No. 66146. Submitted June 15, 1983, at Detroit.—Decided
    October 11, 1983. Leave to appeal applied for.

Celina Aisner was robbed and sexually assaulted in the parking
    lot of Lafayette Towers, a multi-unit apartment complex. Ais-
    ner commenced a negligence action in Wayne Circuit Court
    against Lafayette Towers, Daniel E. Levin, and Robert E.
    Johnson. In her complaint, plaintiff alleged that defendants
    breached their duty to keep the premises, including the park-
    ing lot, in a reasonably safe condition for both the tenants and
    persons who, like her, were visiting tenants. The complaint
    further alleged that the defendants were negligent in failing to
    provide sufficient lighting and security guards and that the
    defendants knew that such stringent security measures were
    needed because the apartment was in a high crime area and
    other attacks had taken place in the immediate vicinity of the
    apartment building within a five-day period just prior to the
    incident in question. Defendants moved for summary judgment.
    James A. Hathaway, J., granted defendants' motion, holding
    that the defendants owed no duty because the apartment was
    not a high crime area and, accordingly, the risk to plaintiff was
    not foreseeable by defendants. Plaintiff appeals. *Held:*

1. A landlord has the duty to keep the common areas of the
    premises free from unreasonable risks of harm from foreseeable
    criminal activities by third parties.

2. Summary judgment on the basis of the failure to state a
    cause of action on which relief could be granted would not be
    appropriate under these pleadings, since it cannot be said that
    plaintiff's complaint, if the factual allegations are taken to be

REFERENCES FOR POINTS IN HEADNOTES

[1, 5] 49 Am Jur 2d, Landlord and Tenant § 826.
[2] 57 Am Jur 2d, Negligence § 75.
[3] 4 Am Jur 2d, Appeal and Error § 104.
[3-5] 61A Am Jur 2d, Pleading §§ 71 *et seq.,* 230 *et seq.*
    Reviewability of federal court's denial of motion for summary
        judgment. 17 L Ed 2d 886.
    Reviewability of order denying motion for summary judgment. 15
        ALR3d 899.

true, is unenforceable as a matter of law so that no factual development would permit recovery.

3. The pleadings, depositions, and other evidence left unanswered the question of whether, under the circumstance pled, the defendants had the duty to take some action to protect persons using the parking lot from criminal actions and whether an injury such as was suffered by plaintiff was foreseeable. Since there were these unanswered material questions of fact, the trial court erred in granting summary judgment on the basis that, except for damages, there remained no material questions of fact.

Reversed and remanded for trial.

1. LANDLORD AND TENANT — NEGLIGENCE — COMMON AREAS — RISK OF HARM — FORESEEABILITY.

A landlord owes a duty to his tenants to protect them from unreasonable risks of harm resulting from foreseeable criminal activities of third parties within the common areas of the landlord's premises; the landlord's duty arises where the risk of harm is foreseeable and the perceived risk is unreasonable.

2. NEGLIGENCE — DUTY OF CARE — QUESTION OF LAW — QUESTION OF FACT.

The existence of a duty of one person to another is ordinarily a question of law in a negligence case; however, where there are factual circumstances which would give rise to a duty, the existence of those facts must be determined by a jury.

3. JUDGMENTS — SUMMARY JUDGMENT — APPEAL.

The Court of Appeals, in reviewing a grant of summary judgment for failure to state a claim upon which relief can be granted, assumes that the factual allegations in the nonmovant's complaint are true and then determines whether the claim, on the pleadings, is so clearly unenforceable as a matter of law that no factual development would permit recovery (GCR 1963, 117.2[1]).

4. MOTIONS AND ORDERS — SUMMARY JUDGMENT.

A trial court, in deciding whether to grant a motion for summary judgment on the ground that there is no genuine issue as to any material fact, will give the benefit of any reasonable doubt to the opposing party and should grant the motion only where it is satisfied that it is impossible for the claim or defense to be supported at trial because of some deficiency which cannot be overcome (GCR 1963, 117.2[3]).

5. Landlord and Tenant — Negligence — Summary Judgment —
   Risk of Harm — Foreseeability.
   Summary judgment in favor of the landlord of a multi-unit
   apartment complex is not appropriately granted in an action
   for damages resulting from a robbery and sexual assault in the
   complex's parking lot where there are disputed questions of
   fact whether such criminal activities were foreseeable by the
   landlord and whether the landlord acted reasonably in failing
   to take adequate steps to avoid the risk of such criminal
   activities.

*Norman R. Robiner,* for plaintiff.

*Holahan, Malloy, Maybaugh & Monnich* (by
*John R. Monnich),* for defendants.

Before: Bronson, P.J., and T. M. Burns and
H. E. Deming,* JJ.

Per Curiam. Plaintiff appeals as of right from
the trial court's order granting summary judgment
in favor of defendants pursuant to GCR 1963,
117.2, subds (1) and (3).

Plaintiff was robbed and sexually assaulted in
the parking lot of the Lafayette Towers Apartment
building on August 30, 1976, at approximately 9:30
p.m. At the time of the incident, plaintiff was on
her way to visit a friend who was a tenant in the
Lafayette Towers. Plaintiff commenced this negli-
gence action alleging that defendants breached
their duty to keep the premises, including the
parking lot, in a reasonably safe condition and,
specifically, that defendants were negligent in fail-
ing to provide sufficient lighting and security
guards in the area of the parking lot. The com-
plaint further alleged that defendants knew strin-
gent security measures were required because (1)
the apartment building was located in a high

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

crime area, (2) two separate attacks on women had occurred in the immediate vicinity of the apartment building within the five days previous to the incident, and (3), prior to the incident, tenants of the Lafayette Towers had held meetings for the purpose of requesting better security measures in and around the building. The trial court granted summary judgment, finding, in effect, that defendants owed no duty because the Lafayette Towers was not a high crime area and, therefore, the risk to plaintiff was not foreseeable.

The Michigan Supreme Court has held that a landlord owes a duty to his tenants to protect them from unreasonable risks of harm resulting from the foreseeable criminal activities of third parties within the common areas of the landlord's premises. *Johnston v Harris,* 387 Mich 569; 198 NW2d 409 (1972); *Samson v Saginaw Professional Building, Inc,* 393 Mich 393; 224 NW2d 843 (1975). Stated otherwise, the landlord's duty to act arises where the risk of harm is foreseeable and the perceived risk is unreasonable. Ordinarily, the element of duty in a negligence action is one of law for the court to decide. However, where there are factual circumstances which give rise to a duty, the existence or nonexistence of those facts must be decided by a jury. *Farwell v Keaton,* 396 Mich 281, 286-287; 240 NW2d 217 (1976); *Graham v Ryerson,* 96 Mich App 480, 488; 292 NW2d 704 (1980); *Samson, supra,* p 409.

We now turn to the trial court's ruling in the instant case. As noted previously, the order of summary judgment was based on both GCR 1963, 117.2, subds (1) and (3). In reviewing a grant of summary judgment under subrule (1), this Court assumes that the factual allegations in the plaintiff's complaint are true and determines whether

the claim, on the pleadings, is so clearly unenforceable as a matter of law that no factual development can permit recovery. *Hill v Houghton Twp,* 109 Mich App 614, 616; 311 NW2d 429 (1981). In this case, plaintiff's complaint did allege the requisite elements of a negligence action. Summary judgment was improperly granted under subrule (1).

It appears that the trial court's ruling was based primarily on subrule (3). In ruling on a motion grounded upon GCR 1963, 117.2(3), the trial court must examine the pleadings, admissions, depositions, affidavits, and other documentary evidence to determine whether a genuine question of fact exists as to any material issue. A trial court should give the benefit of any reasonable doubt to the party opposing the motion, and it must be satisfied that the opposing party's claim or defense cannot be supported at trial because of some deficiency which cannot be overcome. *Miller v Foster,* 122 Mich App 244; 332 NW2d 454 (1982).

Defendants rely upon plaintiff's admissions, answers to interrogatories, and the deposition of plaintiff's expert, Commander Tsampikou, in arguing that there was no material issue of fact. The substance of the discovery evidence relied upon by defendants is that only three felonies had previously occurred in the Lafayette Towers parking lot, that no rapes had previously occurred there, and, according to Commander Tsampikou's response to a hypothetical question posed by defense counsel, that the Lafayette Towers could not be considered a high crime area. However, whether crimes had occurred previously on the specific premises is only one factor in the determination of whether criminal activity was foreseeable to defendants. Of more significance, is whether the prem-

ises as a whole were located within a high crime area. We do not believe the discovery evidence pointed to by defendants resolves the factual issues in this case. Plaintiff is entitled to submit to a jury the questions of the foreseeability and the unreasonableness of the risk.

Defendants also assert that under *Escobar v Brent General Hospital,* 106 Mich App 828; 308 NW2d 691 (1981), they owed no duty to plaintiff. We disagree and find that the facts in *Escobar* are distinguishable from those in the present case. *Escobar* involved a single-family dwelling owned by a hospital which was not in the primary business of renting residences. There was nothing to suggest that the house was improperly maintained or was not equipped with lights sufficient for a residence of that nature. The *Escobar* Court found that the landlord had no duty to provide continuous security personnel for a residence of that nature. In contrast, the Lafayette Towers is a large multi-unit complex with an extensive parking lot. In our opinion, material issues of fact exist as to whether the risk of criminal activity was foreseeable to defendants and whether defendants acted unreasonably in failing to take adequate steps to avoid the risk.

The order of summary judgment is reversed and the case is remanded for trial.