STANLEY v TOWN SQUARE COOPERATIVE

Docket No. 139783. Submitted February 3, 1993, at Detroit. Decided
December 29, 1993, at 9:00 A.M. Leave to appeal sought.

Bettye Stanley brought an action in the Wayne Circuit Court
against Town Square Cooperative and its management agent,
Allison and Associates, Inc., alleging premises liability and
seeking damages for injuries received after she was assaulted
and raped in the parking lot of the cooperative. The plaintiff's
theory of recovery was that the defendants owed her, a late
night visitor of a resident of the cooperative, the duty to keep
the common areas of the cooperative, including the parking lot,
reasonably safe from foreseeable criminal attacks and that they
had breached that duty. The court, James E. Mies, J., granted
summary disposition for the defendants, ruling that the defen-
dants had breached no duty that was owed to the plaintiff. The
plaintiff appealed, and the defendant cross appealed.

The Court of Appeals held:

1. The duty a cooperative housing association owes to persons
who come to those common areas over which it has exclusive
control is the same duty that is owed by a landlord to persons
who come to the common areas under the landlord's control.

2. Tenants and guests of the tenants are deemed to be
invitees of a landlord for the purpose of determining the duty
of care owed by the landlord. Accordingly, the defendants owed
the plaintiff, as a guest of a resident, the duty of care owed a
business invitee.

3. Landlords have a duty to protect invitees from foreseeable
criminal acts committed by third parties in the common areas
of the landlord's premises. However, the duty of a landlord to
invitees is not absolute, nor is the landlord the insurer of the
safety of an invitee. Rather, the duty of a landlord is to
exercise reasonable care for the protection of invitees. Conse-

REFERENCES

Am Jur 2d, Cooperative Associations §§ 3, 30; Landlord and Tenant
§§ 764, 773.5, 805, 927; Negligence §§ 106-108, 118; Premises
Liability §§ 45, 48.

Landlord's obligation to protect tenant against criminal activities of
third persons. 43 ALR3d 331.

quently, the landlord's duty does not extend to conditions from which an unreasonable risk of harm cannot be anticipated or to dangers so obvious and apparent that invitees may be expected to discover the dangers by themselves. The duty exists only where the landlord created a dangerous condition that enhances the likelihood of exposure to criminal assaults.

4. The risk of being criminally assaulted in the middle of the night in a poorly lit unfenced parking lot in the Detroit metropolitan area is real and can be anticipated. However, that risk is as obvious and apparent to an invitee as it is to the landowner. That danger is the same danger that an invitee is exposed to in the community at large and is not one which a landlord in any way creates or enhances. Accordingly, the defendant's duty to take reasonable measures to protect invitees did not include the duty to anticipate and protect against the general hazard of crime in the community. Under these circumstances, defendants owed the plaintiff no duty to protect her from a criminal attack in the parking lot, and the court did not err in granting summary disposition for the defendants.

Affirmed.

WAHLS, P.J., concurring in part and dissenting in part, stated that the decision of the trial court should be reversed because the test for liability under the circumstances of this case is whether defendants negligently failed to take steps to protect invitees from foreseeable criminal activity. A criminal assault in a poorly lit unfenced parking lot in the Detroit metropolitan area may not be equally anticipated by a landlord and an invitee. As the party more familiar with the area in which the premises are located, a landlord has a duty of reasonable care to protect invitees from foreseeable criminal assaults. The trial court's ruling that, assuming that the criminal activity was foreseeable, defendants had no duty to take affirmative steps to increase security was erroneous.

1. LANDLORD AND TENANT — HOUSING COOPERATIVES — DUTY OF CARE — COMMON AREAS.

A cooperative housing association has the same duty of care to insure the safety of persons in common areas under its exclusive control as does a landlord to those using the common areas of a premises.

2. LANDLORD AND TENANT — DUTY OF CARE — INVITEES — FORESEEABLE CRIMINAL ACTS.

Tenants and guests of tenants are deemed to be invitees of a landlord for the purpose of determining the duty of care owed by the landlord; a landlord has a duty to protect invitees from

the foreseeable criminal acts of third parties committed in the common areas of the premises; however, a landlord is not the insurer of an invitee's safety, but rather has a duty to protect an invitee from dangerous conditions that were created by the landlord and enhance the likelihood of exposure to criminal assaults.

3. LANDLORD AND TENANT — CRIMINAL ASSAULTS — URBAN AREAS.

The risk of being criminally assaulted in the middle of the night in a poorly lit unfenced parking lot in a metropolitan area is real, can be anticipated, and is endemic to the community at large; that risk is as obvious and apparent to an invitee as it is to a landlord and is not one that the landlord did anything to create or against which the landlord has a duty to protect.

*Charfoos & Christensen* (by *David R. Parker, David W. Christensen,* and *Mary Pat Thomas*), for the plaintiff.

*Paskin, Nagi & Baxter, P.C.* (by *Jeannette A. Paskin, Patricia J. Battersby,* and *Daniel J. Seymour*), for the defendant.

Before: WAHLS, P.J., and MICHAEL J. KELLY and CONNOR, JJ.

CONNOR, J. Plaintiff appeals as of right, and defendants cross appeal, the trial court's summary judgment entered for defendants with respect to plaintiff's premises liability claim. We affirm.

I

Shortly before 1:00 A.M. on Saturday, December 12, 1987, plaintiff drove into the parking lot of defendant cooperative to visit a friend. After leaving her car, she was confronted by a man with a gun. He took her back to her car and then robbed and brutally raped her.

Plaintiff brought this action against the cooperative and its management agent, claiming that they

had breached a duty owed her to keep the common areas of the cooperative reasonably safe. In response to defendants' motion for summary disposition brought pursuant to MCR 2.116(C)(10), the trial court ruled that defendants owed plaintiff no duty that had been breached, and dismissed plaintiff's claim.

Plaintiff argues on appeal that defendants had a duty to take reasonable steps to protect her from the foreseeable criminal attacks of third parties in the parking lot.

## II

As a preliminary matter, we must decide whether prior judicial decisions discussing the duty owed in the landlord/tenant context are applicable in this case. Because a landlord exercises exclusive control over the common areas of the premises, the landlord is the only one who can take the necessary precautions to ensure that the common areas are safe for those who use them. Similarly, a cooperative association has exclusive control over the common areas of the cooperative, and the association is the only one that can act to make the common areas safe. We are satisfied that with regard to premises liability, the duty a cooperative association owes those who come on the premises is the same as the duty a landlord owes those who come on its premises.

## III

The duty a possessor of land owes to those who come upon the land turns on the status of the visitor. *Thone v Nicholson,* 84 Mich App 538, 544; 269 NW2d 665 (1978). The law has developed a three-tiered approach to defining the duties owed.

Courts speak of the differing duties owed to "invitees," "licensees," and "trespassers," but these labels are somewhat confusing. Invitees are entitled to be present on the land because of a license extended to them, and so are actually just a special class of licensees. See *Powers v Harlow,* 53 Mich 507, 514; 19 NW 257 (1884). Some people actually invited onto the land are not considered invitees, but mere licensees. See *Preston v Sleziak,* 383 Mich 442; 175 NW2d 759 (1970). In determining duty, it is not critical whether a licensee has actually been invited onto the land. The distinguishing characteristic that fixes the duty depends upon whether the licensee's visit is related to the pecuniary interests of the possessor of the land. See *id.* at 449-450.

In this case, plaintiff was an invitee. Because her use of the parking lot was related to the pecuniary interests of the defendants, the possessors of the land on which she was attacked, it is irrelevant whether she visited the property as her friend's social guest or as a business invitee. See *Petraszewsky v Keeth (On Remand),* 201 Mich App 535; 506 NW2d 890 (1993).

The landlord grants to tenants rights of exclusive possession to designated portions of the property, but the landlord retains exclusive possession of the common areas. The landlord grants to tenants a license to use the common areas of the property. Tenants pay for this license as part of their rent. Therefore, tenants are invitees of the landlord while in the common areas, because the landlord has received a pecuniary benefit for licensing their presence.

A landlord generally grants to the tenants the right to invite others to use the common areas of the property in order that they might gain access to the property under the tenants' control. Be-

cause the tenants do not receive any pecuniary benefit from the visits of their social guests, those invited as social guests of the tenants are licensees for the purpose of defining the duty their hosts owe them. See *Preston, supra.* However, the landlord does receive some pecuniary benefit. Part of the rent paid to the landlord is the consideration for giving to the tenants the right to invite others onto the property. Thus, the same duty that a landlord owes to its tenants also is owed to their guests, because both are the landlord's invitees. See *Aisner v Lafayette Towers,* 129 Mich App 642; 341 NW2d 852 (1983).

The cooperative is in sole possession of the common areas of the property, and association members have paid the cooperative for the right of their invited guests to utilize the common areas while visiting their residences. Consequently, whether plaintiff was visiting the cooperative on business as she contends, or was merely a social guest of an association member, she was an invitee with respect to the duty defendants owed her.

IV

Courts have said that landlords have a duty to protect their invitees from the foreseeable criminal acts of third parties in the common areas of the landlord's premises. See *Aisner, supra.* The parties dispute the effect our Supreme Court's decision in *Williams v Cunningham Drug Stores, Inc,* 429 Mich 495; 418 NW2d 381 (1988), had on this duty.

*Williams* did not change the basic duty a possessor of land owes its invitees. A landlord/cooperative must still exercise reasonable care to protect invitees from known or discoverable unreasonably dangerous conditions on the land that the invitees

will not discover or from which they reasonably will fail to protect themselves. *Riddle v McLouth Steel Products Corp,* 440 Mich 85, 93-94; 485 NW2d 676 (1992). The Court in *Williams* held only that the duty a possessor of land owes its invitees does not require that merchants hire security guards to protect customers from the criminal acts of third parties. *Williams, supra* at 504.

*Williams* did not alter the duty that landlords owe their tenants and invitees. Specifically, the *Williams* Court did not abrogate the landlord's duty to use reasonable care to protect tenants and their guests from foreseeable criminal activities in common areas inside the structures they control. The Court was careful to distinguish the case before it from landlord/tenant cases. *Id.* at 502, n 17. The duty to protect tenants from the criminal acts of third parties is not separate and independent from the duty a possessor of land has to protect its invitees. Rather, it is an expression of that basic duty in a precise context.

A landlord has a duty to act because he possesses exclusive control over the common areas of the property. The duty is owed to tenants and their guests because they are the landlord's invitees. The duty to protect those persons from the criminal acts of third parties exists because criminal acts can be the foreseeable result of an unreasonably dangerous condition on the land. Landlords should anticipate that unsecured buildings provide opportunities for criminals to prey on victims away from the eyes and ears of police and witnesses, and the potential danger lurking in the interior of a building is not open and obvious to an unsuspecting invitee. Tenants and their guests rely upon responsible landlords to exercise reasonable care to protect them from foreseeable criminal activities in the common areas inside the

premises, and when those in control fail to exercise reasonable care to provide for the safety of invitees, a dangerous condition is created on the premises that presents an unreasonable risk of harm. Thus, landlords have a duty to take reasonable precautions, such as installing locks on doors and providing adequate vestibule lighting, and may be liable in tort if they fail to do so. See *Johnston v Harris,* 387 Mich 569; 198 NW2d 409 (1972); see also *Bryant v Brannen,* 180 Mich App 87, 97-98; 446 NW2d 847 (1989).

However, the duty that a possessor of land owes his invitees is not absolute. He is not an insurer of the safety of an invitee. His duty is only to exercise reasonable care for their protection. Consequently, the landlord's duty "does not extend to conditions from which an unreasonable risk cannot be anticipated or to dangers so obvious and apparent that an invitee may be expected to discover them himself." *Williams, supra* at 500. The duty exists only when the landlord created a dangerous condition that enhances the likelihood of exposure to criminal assaults. See *Johnston, supra* at 573.

The danger of falling victim to criminality in an open parking lot located outside a building is not a dangerous condition created by the possessor of the property, but is a dangerous condition inherent in the society in which we live. The risk of being criminally assaulted in the middle of the night in a poorly lit, unfenced parking lot in the Detroit Metropolitan area is real and certainly can be anticipated. However, that risk is as obvious and apparent to an invitee as it is to the landowner. In short, the danger to which invitees are exposed in a parking lot is the same danger to

which they are exposed in the community at large. The landlord has done nothing to create a condition conducive to criminal assaults.

In *Williams,* the Court decided that a merchant had no duty to its customers to make its premises safer than the surrounding community. *Williams, supra* at 502. We find that a landlord does not owe a duty to invitees to make open parking lots safer than the adjacent public streets. If a landlord or its predecessor has created a condition on the land presenting an unusual risk of criminal attack, the landlord has a duty to take reasonable measures to protect its invitees. This duty is limited and does not extend to providing security guards or to maintaining a boundary fence, because we do not require the possessor of land to anticipate and protect against the general hazard of crime in the community. *Harkins v Northwest Activities Center, Inc,* 434 Mich 896; 453 NW2d 677 (1990).

We find that, under these circumstances, defendants had no duty to protect plaintiff and, thus, are not liable for failing to do so.

Affirmed.

MICHAEL J. KELLY, J., concurred.

WAHLS, P.J. *(concurring in part and dissenting in part).* I agree with the majority's decision that the cooperative association's duty is analogous to that of a landlord, and that the duty that defendants owed to plaintiff is that owed to an invitee. I also agree that *Williams v Cunningham Drug Stores, Inc,* 429 Mich 495; 418 NW2d 381 (1988), did not change the general rule that landlords have a duty to protect tenants and their invitees from foreseeable criminal acts of third parties in

the common areas of the premises[1] and that land-
lords are not the insurers of invitees' safety. I
respectfully dissent, however, from the majority's
position regarding the precise nature and extent of
the duty owed.

The majority, relying on *Johnston v Harris*, 387
Mich 569, 573; 198 NW2d 409 (1972), states that a
landlord's duty of reasonable care exists only when
the landlord has "created a dangerous condition
that enhances the likelihood of exposure to crimi-
nal assaults." That a landlord has "created a
dangerous condition" does not require that a land-
lord engage in affirmative acts that increase dan-
ger; a dangerous condition may be created by a
failure to act, such as by failing to install adequate
locks or lighting. *Johnston, supra.* The majority
concludes that the danger of falling victim to a
criminal attack in a parking lot is not a dangerous
condition created by a landlord, but rather is a
dangerous condition inherent in society at large.

I disagree with this reasoning. The assertion
that the danger faced by plaintiff was a "danger-
ous condition inherent to the society in which we
live," while factually accurate, is not the test for
liability. Rather, the question is whether defen-
dants negligently failed to take steps to protect
invitees from *foreseeable* criminal activity (the
condition "inherent to the society in which we
live"). To focus on third-party criminality as the
dangerous condition, rather than on the condition
of the premises, is to excuse landlords, regardless
of any negligence in the maintenance of their
premises, from liability.

---

[1] See *Samson v Saginaw Professional Building, Inc*, 393 Mich 393,
407-408; 224 NW2d 843 (1975); *Johnston v Harris*, 387 Mich 569; 198
NW2d 409 (1972); *Holland v Liedel*, 197 Mich App 60, 62; 494 NW2d
772 (1992); *Rodis v Herman Kiefer Hosp*, 142 Mich App 425, 428-429;
370 NW2d 18 (1985); *Aisner v Lafayette Towers*, 129 Mich App 642,
645; 341 NW2d 852 (1983).

I also disagree with the majority's conclusion that a criminal assault in a poorly lit, unfenced parking lot in the Detroit Metropolitan area (or, apparently, any other high-crime locale) may be equally anticipated by a landlord and an invitee. The implicit assumption in this conclusion is that all persons in a particular high-crime area, including visitors from points afar, are cognizant of the likelihood of criminal attack in the area. Given the disparate rates and shadowy nature of crime, I am not willing to make this assumption. Rather, I would simply reiterate that, as the party more familiar with the area in which the premises are located, a landlord has a duty of reasonable care to protect invitees from *foreseeable* criminal assaults. Building parking lots are no less a part of the common areas of the premises than are vestibules or hallways in a building, and a landlord's duty extends to all common areas. I therefore would hold that the trial court's ruling that, assuming that the criminal activity was foreseeable, defendants had no duty to take affirmative steps to increase security was erroneous and would reverse the grant of summary disposition.[2]

---

[2] I would also note that, on appeal, defendants have misrepresented the law. According to defendants, the Supreme Court's order in *Harkins v Northwest Activities Center, Inc,* 434 Mich 896; 453 NW2d 677 (1990), "specifically extends the *Williams* [*v Cunningham Drug Stores, Inc,* 429 Mich 495; 418 NW2d 381 (1988)] analysis to the landlord-tenant setting." Defendants quote the Supreme Court's order as follows:

> "In *Williams v Cunningham Drug Stores, Inc,* 429 Mich 495 (1988), we held, for reasons of public policy, that a *landlord/ occupier's* duty to exercise reasonable care for the safety of its invitees does not extend to anticipating and providing protection against the criminal acts of third parties." [Emphasis in defendants' brief on appeal.]

In fact, the order refers to the duty of a "landowner," not a "landlord." The order does not "specifically extend the *Williams* analysis to the landlord-tenant setting."