RILEY, J. dissenting
in part and concurring in part.
While I concur with the majority in that (1) there was sufficient evidence to find Walls intimidated Officer Wagner; (2) the trial court properly instructed the jury; (3) the trial court did not abuse its discretion by limiting Walls’ closing argument; and (4) the voluntary intoxication statute was constitutional, I respectfully dissent with the majority’s decision to affirm Walls’ conviction and sentence for criminal trespass.
The majority veered off from our holding in Aberdeen Apartments v. Cary Campbell Realty Alliance, Inc. 820 N.E.2d *271 158, 164 (Ind.Ct.App.2005), and instead relied upon out-of-state case law. Our court has already established ease law on this issue, and though it may seem “absurd”, this court has strictly interpreted the criminal trespass statute which requires that entry on property be denied by either the owner or its agent. See I.C. § 35-43-2-2(a)(1); Op. p. 267. This court held in Aberdeen that a landlord held a possessory interest in the common areas. In distinguishing the interest of the tenant and the landlord, we stated that a landlord “has a sufficient possessory interest in the common areas of an apartment complex to bring an action for trespass whereas tenants retain a mere license to the common areas.” Id. at 165.
In this regard, we noted that only the landlord can exclude a trespasser from the common areas:
[t]he landlord grants to tenants’ rights of exclusive possession to designated portions of the property, but the landlord retains exclusive possession of the common areas. The landlord grants to tenants a license to use the common areas of the property. Tenants pay for this license as part of their rent. Therefore, tenants are invitees of the landlord while in the common areas, because the landlord has received a pecuniary benefit for licensing their presence.
Id. (citing Stanley v. Town Square Coop., 203 Mich.App. 143, 512 N.W.2d 51, 54 (1994)). Moreover, we followed Aberdeen in Glispie v. State, 955 N.E.2d 819 (Ind.Ct.App.2011). In that case, we considered whether a police officer who was neither an owner of the property or an agent of the owner could ask the defendant to leave the property. This court held that “[t]he State failed to show the elements necessary for an agency relationship. As such, the State failed to prove an essential element of criminal trespass, namely, that the owner or its agent had denied Glispie entry into the owner’s property.” Id. at 823.
By relying on out-of-state case law, the majority conclude that under the circumstances of this case, tenants have a sufficient possessory interest in immediate adjacent areas to their apartment for purposes of the criminal trespass statute. I find that this result leaves the fact finder in the unenviable position to determine how “adjacent” and “immediate” an area should be for a tenant to be able to request a person to leave. See Op. p. 267. Pursuant to Aberdeen, I, however, find that as tenants of Countryview Apartments, Zurita and Wainwright only had exclusive possession of the apartments they leased and not of the common areas. They could therefore not ask Walls to leave the common areas of the apartment.
In light of the foregoing, I disagree with the majority’s finding and I conclude that the State failed to prove the essential element of the crime. I would therefore reverse Walls’ conviction for criminal trespass.