*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

BRANDY S. LEWIS,

        Plaintiff-Appellant,

v

JENNIFER REJNIAK,

        Defendant-Appellee.

UNPUBLISHED
February 22, 2024

No. 363974
Macomb Circuit Court
LC No. 2021-003060-NO

Before: BOONSTRA, P.J., and LETICA and FEENEY, JJ.

PER CURIAM.

In this premises' liability slip-and-fall action, plaintiff appeals as of right the order granting summary disposition to defendant, under MCR 2.116(C)(10) (no genuine issue of material fact). The trial court determined that the hazard causing plaintiff's injury was open and obvious and not effectively unavoidable. On appeal, plaintiff argues the trial court erred because plaintiff was an invitee on defendant's property[1] and the hazard was effectively unavoidable. In light of developments in the law since the filing of this appeal, we vacate and remand for further proceedings.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

On Sunday, February 7, 2021, defendant placed an order for groceries through Shipt, a delivery service.[2] According to defendant, she frequently used Shipt to place grocery orders for same-day delivery, designated a time block for delivery, and instructed that her orders be left on the porch.[3]

---

[1] We note that the trial court did not hold otherwise.

[2] Except as otherwise noted, our description of the underlying facts is taken from plaintiff's complaint and deposition testimony.

[3] Plaintiff testified the items were to be delivered to the front door, which was on the porch.

Plaintiff, who worked for Shipt, picked up defendant's order from the Shipt app that afternoon. Plaintiff notified defendant that she would be shopping for her, informing defendant that she could send plaintiff a text message if she had a question. When items defendant had selected were unavailable, plaintiff communicated with defendant via text regarding substitutions or cancellations. After plaintiff finished shopping, she texted defendant that she was on her way and would see her "soon!" Defendant replied, "Ok."

Plaintiff drove to defendant's home and pulled into driveway. As plaintiff, who was wearing boots, got out of her car, she noticed "fresh" snow that had fallen the night before on the driveway, the short walkway to the porch steps, the two porch steps leading to the porch, and the porch itself. There was no hand rail. Plaintiff carried a large bag of pet food toward the porch, avoiding the short walkway by traversing defendant's snow-covered lawn. Plaintiff then walked up the two porch steps, deposited the bag, and carefully began her descent before slipping on the first step, and falling. Plaintiff hit her tailbone and her head. From what plaintiff observed, she opined that there had been no attempt to shovel or salt the snow on the porch, sidewalk, or driveway.

After falling, plaintiff returned to her car and called Shipt to report the incident. Plaintiff then delivered the remaining items to defendant's porch, including two cases of water, without further incident. Plaintiff photographed the completed delivery and texted defendant "[y]our groceries are delivered." Plaintiff sent a second text, reading: "Please for future reference shovel you [sic] snow, I just fell down your stairs and hit my head[.]"

Plaintiff left to make her next delivery. Because plaintiff was running late, she contacted her next customer, who had been watching for her, explaining that she had fallen. That customer met plaintiff outside to collect their order.

Plaintiff subsequently discovered that she was seriously injured from her fall at defendant's home.

According to defendant, she left her ranch home for work at about 6:30 a.m. on the morning of plaintiff's fall, while her two teenage children remained inside. Defendant had shoveled her front porch, steps, walkway, and driveway the night before. Defendant also typically used ice-melting salt on those areas. Defendant's mail slot was accessible from her porch so she cleaned the snow and ice as a courtesy for her mail carrier and everyone else. Defendant never received a warning from her mail carrier that delivery would not continue due to the condition of her porch and stairs. Defendant's son also shoveled as one of his chores.

Defendant had no evidence to dispute weather records showing that "it had snowed again throughout the night [on the 6th] and in the early morning hours up until 3:30" or 4 a.m. on the 7th. When defendant left for work that morning, she may have thrown down additional salt. And, if defendant had noticed "extreme" snow or ice on her porch or stairs, she would have shoveled again. Defendant did not recall whether she shoveled that morning; however, she recalled safely traversing her porch, stairs, walkway, and driveway to reach her car. Defendant pointed to bare areas around her front door mat in the photograph plaintiff had texted her as evidence that defendant had shoveled earlier.

It is undisputed that defendant did not warn plaintiff about the condition of her premises before she arrived. It is further undisputed that plaintiff did not communicate with defendant that she was uncomfortable with the delivery due to the snow or request to deliver defendant's order at an alternate location.

On August 19, 2021, plaintiff filed a complaint against defendant, alleging negligence in the maintenance of defendant's property. More specifically, plaintiff alleged that she was compelled to encounter the hazard to complete the delivery at defendant's front door, as required by the terms of her employment with Shipt, and that she exercised all due care in encountering the hazard. Among her allegations of negligence, plaintiff contended that defendant "[c]reat[ed] a dangerous condition or contibut[ed] to the creation of a dangerous condition on the premises."

After discovery ended, defendant moved for summary disposition, asserting plaintiff was a licensee, and not an invitee because defendant was not a business enterprise and did not hold her property open to the public. Defendant further contended that the ice and snow on the porch and step constituted an open and obvious hazard, which plaintiff was not compelled to encounter, and therefore, no special aspects existed negating the application of the open and obvious doctrine.

Plaintiff responded, asserting her status was one of an invitee, and that the open and obvious doctrine could not negate defendant's liability because plaintiff was compelled to complete her assigned work task of delivering defendant's order to the porch, rendering the hazard effectively unavoidable. Plaintiff further argued defendant was actively negligent.

At the hearing on defendant's motion for summary disposition, the circuit court initially expressed skepticism that the hazard was unavoidable in light of plaintiff's ability to communicate with defendant. The court stated that there was no evidence that Shipt had a policy requiring plaintiff to endanger herself by walking on an ice-covered porch.

Addressing defense counsel, the trial court expressed that this case was "borderline as to what the [plaintiff's] options were." Defense counsel responded that while he may not have mentioned it in his briefing, plaintiff's communication with her subsequent customer demonstrated that she had that option available. The circuit court informed the parties that it had denied the defendant's motion for summary disposition in *Estate of Living v Sage's Investment Group, LLC*, 507 Mich 328; 968 NW2d 397 (2021), because the hazardous condition, a snow- and ice-covered parking lot, was unavoidable when the plaintiff, the defendant's employee, had to cross it to get to her job.

Plaintiff's counsel recognized that plaintiff had contacted her subsequent customer about their delivery; however, before doing so, plaintiff had texted defendant to inform her that plaintiff was on her way to defendant's home. Defendant, who was aware of the snow, did not instruct plaintiff to leave her order elsewhere or send her teenagers outside to meet plaintiff.

The circuit court repeated that, upon observing the conditions, plaintiff did not exercise the option of asking where to put the items because she could not get to defendant's porch. Plaintiff's counsel responded: "Yeah, she did not exercise that [option], your Honor, that's clear from the facts. We know that to be true." After further argument, the trial court granted summary disposition to defendant, concluding that the hazard was avoidable. This appeal followed.

-3-

## II. STANDARD OF REVIEW

Summary disposition rulings are reviewed de novo. *Kandil-Elsayed v F & E Oil, Inc*, 512 Mich 95, 109; ___ NW2d ___ (2023). Summary disposition under MCR 2.116(C)(10) is warranted when "[e]xcept as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." The moving party has the initial burden to "specifically identify the issues as to which the moving party believes there is no genuine issue as to any material fact." MCR 2.116(G)(4); see also *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1, 7; 890 NW2d 344 (2016). If the moving party properly asserts and supports their motion for summary disposition, "[t]he burden then shifts to the opposing party to establish that a genuine issue of disputed fact exists," and they cannot do this by relying on mere allegations or denials in their pleadings. *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996). In considering a motion for summary disposition, the court need only consider the evidence identified by the parties. See *Barnard Mfg Co v Gates Performance Engineering, Inc*, 285 Mich App 362, 377-378; 775 NW2d 618 (2009). "[I]t is well settled that the circuit court may not weigh the evidence or make determinations of credibility when deciding a motion for summary disposition." *Innovative Adult Foster Care, Inc v Ragin*, 285 Mich App 466, 480; 776 NW2d 398 (2009). Rather, "[a] genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003); see also *Allison v AEW Capital Mgmt, LLP*, 481 Mich 419, 425; 751 NW2d 8 (2008).

## III. ANALYSIS

## A. PLAINTIFF'S STATUS

Plaintiff contends that her status was one of an invitee, not a licensee, as claimed by defendant in her motion for summary disposition. Notably, the trial court never determined plaintiff's status in granting defendant's motion, and, on appeal, defendant offers no response to plaintiff's argument. We agree with plaintiff that she was an invitee.

To establish a claim premised on negligence, including premises liability, a plaintiff must prove that: (1) the defendant owed the plaintiff a duty, (2) the defendant breached the duty, (3) the plaintiff suffered damages, and (4) the defendant's breach proximately caused the plaintiff's damages. See *Loweke v Ann Arbor Ceiling & Partition Co, LLC*, 489 Mich 157, 162; 809 NW2d 553 (2011). In turn, the duty the premises possessor owes depends on their relationship with the visitor; the premises possessor owes a limited duty to trespassers, a greater duty to licensees, and the highest duty to invitees. See *Stitt v Holland Abundant Life Fellowship*, 462 Mich 591, 596-598; 614 NW2d 88 (2000). A licensee is a social guest or a visitor invited to enjoy the " 'unrecompensed hospitality' " of the owner. *Id*. at 606, quoting *Hambright v First Baptist Church*, 638 So2d 865, 868 (Ala, 1994). See also *Liang v Liang*, 328 Mich App 302, 311 n 5; 936 NW2d 710 (2019). On the other hand, if the purpose for the invitation to the visitor onto the property is directly tied to the premises possessor's commercial or business interests, the visitor is an invitee. *Stitt*, 462 Mich at 604; *Stanley v Town Square Coop*, 203 Mich App 143, 147; 512 NW2d 51 (1993). Because defendant utilized the Shipt service for her own economic benefit, paying for the convenience of grocery delivery while she was occupied with other tasks, plaintiff, Shipt's agent, was an invitee.

## B. DUTY AND THE OPEN AND OBVIOUS DOCTRINE

Plaintiff next contends that the circuit court erred in determining that the hazard was not effectively unavoidable under the open and obvious doctrine. However, after the trial court granted summary disposition to defendant and dismissed the case and days before oral argument in this Court, our Supreme Court issued *Kandil-Elsayed*, 512 Mich at 144. The *Kandil-Elsayed* Court retained the application of the open and obvious doctrine, but determined that it was pertinent to the breach of duty element and the plaintiff's comparative fault:

> The open and obvious nature of a condition remains a relevant inquiry in a premises-liability case. However, to the extent prior cases have held that it should be analyzed as a part of a land possessor's duty, those cases are overruled. Rather, the open and obvious nature of a danger—i.e., whether it is "reasonable to expect that an average person with ordinary intelligence would have discovered it upon casual inspection," . . . is relevant to the defendant's breach and the plaintiff's comparative fault. [*Id*. at 144.]

The *Kandil-Elsayed* Court continued to agree that landowners were not the insurers of the safety of their invitees. Consequently, both land possessors and those who enter land must "exercise common sense and prudent judgment when confronting hazards on the land." *Id*. at 147 (quotation marks and citation omitted). And, the Court overruled the requirement that the special aspects of the land condition be examined. *Id*. The Court summarized its holding as follows:

> [A] land possessor owes a duty to exercise reasonable care to protect invitees from an unreasonable risk of harm caused by a dangerous condition of the land. If the plaintiff establishes that the land possessor owed plaintiff a duty, the next step in the inquiry is whether there was a breach of that duty. Our decision does not alter the standard of reasonable care owed to an invitee . . . . Rather, as has always been true, a land possessor need only exercise reasonable care under the circumstances. As part of the breach inquiry, the fact-finder may consider, among other things, whether the condition was open and obvious and whether, despite its open and obvious nature, the land possessor should have anticipated harm to the invitee. If breach is shown, as well as causation and harm, then the jury should consider the plaintiff's comparative fault and reduce the plaintiff's damages accordingly. A determination of the plaintiff's comparative fault may also require consideration of the open and obvious nature of the hazard and the plaintiff's choice to confront it. [*Id*. at 148-149 (quotation marks and citations omitted).]

After oral argument, this Court, on its own motion, directed the parties to file supplemental briefs on the effect of *Kandil-Elsayed* and to address whether that decision applied retroactively or prospectively. *Lewis v Rejniak*, unpublished order of the Court of Appeals, entered August 3, 2023 (Docket No. 363974). Recently, however, another panel of this Court held that the *Kandil-Elsayed* decision applies retroactively to all cases currently pending on direct appeal. *Gabrielson v The Woods Condo Ass'n*, ___ Mich App ___, ___; ___ NW2d ___ (2024) (Docket No. 364809), slip op at 2, 8. We are bound to follow *Gabrielson*. MCR 7.215(J)(1). Because the *Kandil-Elsayed* decision significantly altered the legal framework applied to premises liability cases, we

vacate the trial court's decision and remand for further proceedings for it to apply the new legal standard to the facts of this case.

Vacated and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Mark T. Boonstra
/s/ Anica Letica
/s/ Kathleen A. Feeney