*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SHARIA TAYLOR,

Plaintiff-Appellant,

v

GORDON MANAGEMENT COMPANY, INC.,

Defendant-Appellee.

UNPUBLISHED
February 29, 2024

No. 359616
Macomb Circuit Court
LC No. 2020-004411-NO

Before: RICK, P.J., and M. J. KELLY and RIORDAN, JJ.

ON REMAND

PER CURIAM.

This case returns to us on remand from our Supreme Court for reconsideration in light of *Kandil-Elsayed v F & E Oil, Inc*, 512 Mich 95; ___ NW2d ___ (2023). Having considered the change in the law brought about by *Kandil-Elsayed*, we reverse the trial court's order granting summary disposition to defendant and remand for further proceedings.

## I. FACTUAL BACKGROUND

This Court previously affirmed the trial court's order granting summary disposition in favor of defendant pursuant to the open and obvious danger doctrine. *Taylor v Gordon Mgt Co, Inc*, unpublished per curiam opinion of the Court of Appeals, issued March 2, 2023 (Docket No. 359616) (*Taylor I*), vacated 995 NW2d 328 (Mich, 2023). Plaintiff initiated this action after falling on snow-covered ice in the parking lot of an apartment complex managed by defendant. *Taylor I*, unpub op at 1-2. As noted in *Taylor I*:

> Plaintiff testified in her deposition that snow had begun to fall as they were traveling to the apartment complex and that it was dark when they arrived. The parking lot was covered with a layer of snow. Plaintiff testified that she looked at the ground before stepping out of the vehicle and it "looked like it was safe to step on." Plaintiff first noticed the ice on the pavement as she stepped from the vehicle and "felt ice up under [her] foot." Plaintiff maintained that it was not apparent that

-1-

there was ice beneath the snow. Plaintiff fell backward to the ground and landed on her right side. Plaintiff's fiancé helped her to get up from the ground and it was at this point, plaintiff testified, that she noticed that the whole parking lot was covered in ice, though the ice was allegedly obscured by snow. Weather reports from the date of plaintiff's fall indicated that the temperature was approximately 21 to 26 degrees Fahrenheit throughout the day, with two to three inches of snowfall in the evening around the time when plaintiff fell. [*Id*.; unpub op at 1-2.]

Defendant moved for summary disposition under MCR 2.116(C)(10) (no genuine issue of material fact), on the basis that the alleged hazard was open and obvious, did not pose an unreasonable risk of harm, and was not effectively unavoidable. Plaintiff disagreed, arguing that the hazard was not open and obvious. Alternatively, she argued that it was effectively unavoidable. Plaintiff also argued that Michigan caselaw construing the open and obvious nature of a condition as negating duty and effectively cutting off all liability was wrongly decided and resulted in decades of nonsensical rulings. The trial court granted defendant's motion, reasoning that the condition of the parking lot "was open and obvious, it was snowing, [and] there was no need to salt as it snowed or even plow as it snows . . . ."

Plaintiff appealed to this Court, which affirmed the trial court's ruling. *Taylor I*, unpub op at 1. Plaintiff then appealed to our Supreme Court. After issuing its decision in *Kandil-Elsayed*, the Supreme Court vacated *Taylor I* and remanded for reconsideration by this Court. *Taylor v Gordon Mgt Co*, 995 NW2d 328 (Mich, 2023).

## II. ANALYSIS

Under the new standards set forth in *Kandil-Elsayed*, 512 Mich 95, a question of fact exists as to whether defendant breached its duty to plaintiff. Further factual development is required, and thus, the trial court erred by granting defendant's motion for summary disposition.

*Kandil-Elsayed* altered the legal framework governing premises liability claims by overruling *Lugo v Ameritech Corp, Inc*, 464 Mich 512; 629 NW2d 384 (2001), which previously required the open and obvious danger doctrine to be considered in the context of a defendant's duty of care. *Kandil-Elsayed*, 512 Mich at 153. In a supplemental brief on appeal, plaintiff notes that after *Kandil-Elsayed*, the trial court must now analyze whether the general duty owed to invitees was breached, as well as whether a genuine issue of material fact exists to permit a jury to "conduct a comparative analysis of each party's fault." *Id*. at 146-148. Plaintiff emphasizes that there was ice covering the entire parking lot and no evidence that defendant or defendant's agents applied salt or took any measures to remove snow and ice. This is supported by the record, as the property manager for the apartment complex confirmed that defendant did not have any records that would reflect what, if any, snow or ice removal efforts were undertaken around the time of plaintiff's fall. Plaintiff argues that in the wake of *Kandil-Elsayed*, there is a genuine issue of material fact as to whether defendant breached the duty it owed her by failing to take reasonable measures to diminish the hazard caused by the accumulation of ice in the parking lot.

In response, defendant argues that summary disposition was properly granted, even under the new standards for evaluating premises liability claims. Defendant contends that the Court in *Kandil-Elsayed* explicitly indicted that the new framework for premises liability cases did not

require property owners and possessors to clear their properties during an active snowfall. *Kandil-Elsayed*, 512 Mich at 150, 150 n 29. Defendant observes that plaintiff testified that it began snowing while she was traveling from Detroit to Harrison Township, a mere 30-minute trip. Moreover, plaintiff actually saw the snow on the ground before stepping out of the vehicle. Defendant argues that under these circumstances, no reasonable juror could find that defendant owed plaintiff a duty to clear snow within a half hour after it started, or that defendant breached the duty "to the plaintiff to take reasonable care to protect against the hazards of the natural accumulation of ice and snow on the property" outlined in *Kandil-Elsayed*. *Id*. at 150.

The *Kandil-Elsayed* Court held that *Lugo* was wrongly decided, that it "generated a whole host of practical-workability problems," and that reliance interests were not strong enough to uphold the *Lugo* framework. *Id*. at 143. But as plaintiff points out, the Supreme Court did not completely abandon the open and obvious danger doctrine. Instead, it declared that the open and obvious nature of a condition is relevant to the element of *breach* and, assuming an otherwise actionable premises liability claim has been established, whether the plaintiff's damages should be reduced on the basis of comparative fault. *Id*. at 143-145, 148-149. The Court explained that the *Lugo* Court erred in holding that the open and obvious doctrine related to a land possessor's duty, noting that this holding was inconsistent with Michigan caselaw and statutes "articulating Michigan's shift from contributory negligence to comparative fault." *Id*. at 144.

The Supreme Court likewise overruled the special-aspects exception "to the extent that it departed from the anticipation-of-harm standard in § 343A of the Second Restatement [of Torts]." *Id*. at 147. While courts previously engaged in a narrow analysis of whether a purportedly dangerous condition was effectively unavoidable or posed an unreasonable risk of severe harm, under the new framework outlined in *Kandil-Elsayed*, the fact-finder must consider whether the defendant should have anticipated harm despite the obviousness of the dangerous condition. *Id*. As it did with respect to the open and obvious danger doctrine, the Supreme Court emphasized that this question is relevant to the element of breach, rather than duty. *Id*. The Court provided the following summary of the new standards, stating:

> To summarize, a land possessor owes a "duty to exercise reasonable care to protect invitees from an unreasonable risk of harm caused by a dangerous condition of the land." *Williams* [*v Cunningham Drug Stores, Inc*, 429 Mich 495, 499; 418 NW2d 381 (1988)]. If the plaintiff establishes that the land possessor owed plaintiff a duty, the next step in the inquiry is whether there was a breach of that duty. Our decision does not alter the standard of reasonable care owed to an invitee, meaning that it's not necessary for land possessors to heed the advice in Justice VIVIANO's dissent to "immediately . . . rectif[y]" hazards on their property to avoid liability. Rather, as has always been true, a land possessor need only exercise reasonable care under the circumstances. As part of the breach inquiry, the fact-finder may consider, among other things, whether the condition was open and obvious and whether, despite its open and obvious nature, the land possessor should have anticipated harm to the invitee. If breach is shown, as well as causation and harm, then the jury should consider the plaintiff's comparative fault and reduce the plaintiff's damages accordingly. A determination of the plaintiff's comparative fault may also require consideration of the open and obvious nature of the hazard

-3-

and the plaintiff's choice to confront it. [*Kandil-Elsayed*, 512 Mich at 148-149 (second alteration in original).]

The Supreme Court's application of these standards is especially helpful in this case, as the *Kandil-Elsayed* plaintiff was injured in a similar slip-and-fall incident involving "snow-and-ice-covered ground." *Id*. at 149. The Court observed that the plaintiff was indisputably an invitee to whom the defendant owed " 'a duty to exercise reasonable care to protect . . . from an unreasonable risk of harm caused by a dangerous condition of the land.' " *Id*., quoting *Williams*, 429 Mich at 499. Moreover, that duty extended to hazards arising from ice and snow and required " 'that reasonable measures be taken within a reasonable time after an accumulation of ice and snow to diminish the hazard of the injury to the invitee.' " *Kandil-Elsayed*, 512 Mich at 150, quoting *Quinlivan v Great Atlantic & Pacific Tea Co, Inc*, 395 Mich 244, 261; 235 NW2d 732 (1975). Regarding the breach element, the Supreme Court opined that questions of fact remained as to the reasonableness of the defendant's conduct because the record contained no information about when it began snowing or whether it had stopped by the time the plaintiff was injured. *Kandil-Elsayed*, 512 Mich at 150. The Supreme Court also found that a question of fact existed regarding whether the ice and snow were open and obvious and, if so, whether the defendant should have anticipated that an invitee might nevertheless be harmed. *Id*.

In the instant matter, the trial court granted summary disposition to defendant because the condition of the parking lot was open and obvious and defendant did not have a duty to salt or plow while snow was actively falling. But because the open and obvious nature of a dangerous condition no longer precludes the existence of a duty, *id*. at 143-144, summary disposition for want of a material question of fact regarding the duty element cannot be sustained in the wake of *Kandil-Elsayed*. Instead, as evidenced by our Supreme Court's application of the newly outlined standards to the facts of *Kandil-Elsayed*, it is clear that the existence of a duty owed by defendant turns on plaintiff's status as a trespasser, licensee, or invitee on the property. *Id*. at 111-112, citing *Stitt v Holland Abundant Life Fellowship*, 462 Mich 591, 596; 614 NW2d 88 (2000).

Generally speaking, "[a]n invitee is a person who enters upon the land of another upon an invitation which carries with it an implied representation, assurance, or understanding that reasonable care has been used to prepare the premises, and make [it] safe for [the invitee's] reception." *Id*. at 596-597 (quotation marks and citation omitted; alterations in original). Invitee status is generally afforded to a landlord's tenants and the tenant's social guests, like plaintiff. *Stanley v Town Square Coop*, 203 Mich App 143, 147-148; 512 NW2d 51 (1993). Thus, the duty owed by defendant mirrors the duty at issue in *Kandil-Elsayed*, i.e., "to take reasonable care to protect against the hazards of the nature accumulation of ice and snow on the property." *Kandil-Elsayed*, 512 Mich at 150.

Whether a defendant breached its duty of care ordinarily depends on questions of fact properly submitted to a jury, but may be decided by way of summary disposition when there are no genuine issues of material fact. *Id*. at 148 n 28. Viewing the currently available evidence in the light most favorable to plaintiff, a question of fact remains regarding the element of breach. *Id*. at 150-151; see also *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003) (discussing standard of review applicable to MCR 2.116(C)(10)). Defendant has presented no evidence to identify what, if any, measures were taken to clear the ice in the parking lot. Further, although defendant focuses on the fact that snow was actively falling at the time of plaintiff's fall,

it does not automatically follow that defendant fulfilled its duty to plaintiff. The owner of the snow removal company responsible for tending to the parking lot testified that fluctuations in temperature often lead to ice formation. It therefore follows that the weather conditions preceding plaintiff's fall may have been indicative of the need for deicing measures. Alternatively, they may have suggested that it was reasonable to forgo salting at the relevant time. We simply do not have sufficient evidence to support either theory at this time. Thus, because reasonable minds could disagree about whether defendant took appropriate measures to reduce the hazard posed by the snow-covered ice in the parking lot, defendant was not entitled to summary disposition.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Michelle M. Rick
/s/ Michael J. Kelly
/s/ Michael J. Riordan