*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DEBORAH JACOBS,

UNPUBLISHED
November 25, 2024
3:30 PM

Plaintiff-Appellee,

v

No. 368649
Wayne Circuit Court
LC No. 22-012492-NO

TRUMAN VILLAGE, LLC,

Defendant-Appellant.

Before: FEENEY, P.J., and O'BRIEN and WALLACE, JJ.

WALLACE, J. (*dissenting*).

I respectfully dissent. As noted by the majority, defendant appeals by leave granted[1] the trial court's order denying its motion for summary disposition under MCR 2.116(C)(10). Because I would conclude there are questions of fact with regard to whether the subject defect constituted an unreasonably dangerous condition, such that it constituted a breach of the common-law duties owed by defendant, and because there are questions of fact with regard to whether the sidewalk was fit for its intended use, I would affirm the trial court's order.

Plaintiff testified in this case that she was returning to her apartment around 11:30 p.m. on the night of the subject accident, parked her car, and was walking on the sidewalk to her apartment—which was poorly lit, when her toe was caught on a raised portion of concrete (i.e., a discontinuity between two slabs of concrete), which caused her to trip, fall forward, and suffer injuries. She testified that in the 15 years she had lived at the apartment complex, there had been little to no maintenance of the sidewalks and she produced several photographs that depicted various areas of the sidewalk in disrepair. The photographs showed multiple deteriorated slabs that were not the slabs upon which she tripped, but which were in the general area of where she fell. Plaintiff also testified about a hole in the sidewalk that she would have to walk around, between the driveway and the location of her fall. According to plaintiff's testimony, after her

---

[1] *Jacobs v Truman Village, LLC*, unpublished order of the Court of Appeals, entered January 10, 2024 (Docket No. 368649).

fall, defendant's office manager admitted that all of the sidewalk in the area where plaintiff fell needed to be fixed.

The majority opinion relies upon a photograph, which was marked as Exhibit 3 in plaintiff's deposition, for the proposition that the sidewalk condition at issue was a "slight lip at a sidewalk joint," and attaches a copy of the photograph. However, there are two problems with the Court's decision to rely solely upon that single photograph. First, the record suggests that the photograph is not precisely representative of the defect in question. The discontinuity between the two slabs of concrete that is depicted in that photograph is obscured by mulch. Also, in her deposition, when asked about this photograph, plaintiff said, "I couldn't get it on a good angle," meaning that plaintiff was unable to position the camera so as to more clearly show the discontinuity that caused her to trip. Indeed, the photograph appears to be taken from a standing position that does not demonstrate the depth of the discontinuity, i.e., the photograph was taken from more of a vertical position than a horizontal position. Second, the opinion ignores the following photograph, which was attached to both plaintiff's response to the underlying motion for summary disposition and her response brief on appeal:



This photograph appears to be of the same area of the sidewalk as plaintiff's deposition Exhibit 3, but was taken from a more horizontal angle, and without the presence of the debris shown in Exhibit 3. It was filed in plaintiff's response to defendant's motion for summary disposition as one of the photographs included in Exhibit 2, and it is also located on page 50 of plaintiff's appendix in the present appeal. Although defendant filed a reply to plaintiff's response to the underlying motion for summary disposition, it did not address this photograph. Likewise, defendant ignores the photograph in the argument it made on appeal.

While it is true that plaintiff did not identify this photograph at the time of her deposition, the record suggests she was not shown a copy of the photograph (all of the photographs marked as exhibits at the time of plaintiff's deposition are contained in the record and this photograph was not marked as an exhibit at that time). The fact that plaintiff was not asked to testify about a photograph that was not presented to her at the time of her deposition would not prevent plaintiff

from presenting the photograph as evidence in response to a motion for summary disposition brought under MCR 2.116(C)(10).

As the majority notes:

In evaluating a motion for summary disposition brought under [MCR 2.116(C)(10)], a trial court considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties, MCR 2.116(G)(5), in the light most favorable to the party opposing the motion. [*Maiden v Rozwood*, 461 Mich 109, 120, 118; 597 NW2d 817 (1999).]

Defendant did not object to the photograph here on appeal, or in the trial court, and made no attempt to explain why this photograph does not create a question of fact; instead, defendant simply ignored it. Although defendant argued, at the time of oral argument, that the photograph might not depict the exact area where plaintiff fell, I would find that defendant has abandoned that argument in this appeal because defendant failed to object to the photograph in the trial court or on appeal, and defendant did not even mention the photograph in any brief pertaining to this matter. See *Yee v Shiawassee Co Bd of Comm'rs*, 251 Mich App 379, 406; 651 NW2d 756 (2002).

Plaintiff claimed to be entitled to relief in this matter based upon theories that included: (1) violation of MCL 554.139, and (2) premises liability.

Turning first to the premises liability claim, it is well established that a plaintiff must prove the following elements: duty, breach of duty, causation, and harm. *Kandil-Elsayed v F & E Oil, Inc*, 512 Mich 95, 110; 1 NW3d 44 (2023). Whereas the issue of whether defendant owes a duty to the plaintiff is a question of law to be decided by the court, the Michigan Supreme Court has confirmed that "*the question of breach—'whether defendants' conduct in the particular case is below the general standard of care'—is a question of fact for the jury*." *Id*. at 112 (citations omitted, emphasis added).

Here, plaintiff alleges to be both a tenant and an invitee. Michigan courts have long held that a tenant is an invitee of the landlord. *Stanley v Town Square Coop*, 203 Mich App 143, 147; 512 NW2d 51 (1993). As an invitee, defendant owed plaintiff a duty to exercise reasonable care to protect her from an unreasonable risk of harm caused by a dangerous condition on the land. See *Kandil-Elsayed*, 512 Mich at 153. I would find that a reasonable juror could determine that the above referenced photograph, along with the deposition testimony of plaintiff, considered in the light most favorable to plaintiff, presents evidence of an unreasonably dangerous trip hazard sufficient to support plaintiff's premises liability claim. Therefore, the trial court properly denied defendant's motion in that regard.

Turning next to plaintiff's claim that defendant breached its statutory duty as a landlord. MCL 554.139 provides as follows:

(1) In every lease or license of residential premises, the lessor or licensor covenants:

(a) That the premises and all common areas are fit for the use intended by the parties.

(b) To keep the premises in reasonable repair during the term of the lease or license, and to comply with the applicable health and safety laws of the state and of the local unit of government where the premises are located, except when the disrepair or violation of the applicable health or safety laws has been caused by the tenants wilful or irresponsible conduct or lack of conduct.

(2) The parties to the lease or license may modify the obligations imposed by this section where the lease or license has a current term of at least 1 year.

(3) *The provisions of this section shall be liberally construed*, and the privilege of a prospective lessee or licensee to inspect the premises before concluding a lease or license shall not defeat his right to have the benefit of the covenants established herein. [Emphasis added.]

Considering the fact that the legislature has indicated that the statute is to be liberally construed, and considering the requirement announced in *Maiden*, that the evidence should be viewed in the light most favorable to the plaintiff, I would hold that the above refenced photograph, and the above referenced testimony of plaintiff, also create a question of fact as to whether the sidewalk was fit for its intended use as required by MCL 554.139(1)(a). The intended use of a sidewalk is walking on it. *Estate of Trueblood v P&G Apartments, LLC*, 327 Mich App 275, 290; 933 NW2d 732 (2019). A reasonable jury could find that the subject trip hazard, consisting of a discontinuity between two slabs of concrete, that needed to be fixed according to defendant's manager, and that caused plaintiff to fall and suffer injuries, made the subject sidewalk unfit for walking, its intended use. Therefore, the trial court properly denied defendant's motion in that regard.

Accordingly, I would affirm the trial court's order denying defendant's motion for summary disposition brought under MCR 2.116(C)(10) as to plaintiff's premises liability claim and plaintiff's claim that defendant violated MCL 554.139.

/s/ Randy J. Wallace

-4-